# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CIVIL BUSINESS OFFICE 2
CENTRAL DIVISION

2011 JUL 26  AM 9: 27

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GUARANTEED RATE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VENETIA NORTH and CHRISTAL DUNN, individuals, on behalf of themselves and all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central<br>330 W. Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2011-00094974-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal   (Bar # 68687)          Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037   Phone No.: (858) 551-1223

| DATE: | JUL 26 2011 | Clerk, by | B. FOLLIS | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  GUARANTEED RATE, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  8/9/y

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

**LAW OFFICES OF MARK A. OSMAN**
  Mark A. Osman (State Bar #117455)
401 West A Street, 17th Floor
San Diego, CA
Telephone: (619) 232-8862
Facsimile: (619) 231-3480

Attorneys for Plaintiffs

F I L E D
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

JUL 26 2011

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| VENETIA NORTH and CHRISTAL DUNN, individuals, on behalf of themselves and all persons similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>GUARANTEED RATE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>                Defendant. | CASE No. _____  37-2011-00094974-CU-OE-CTL<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1.   UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *et seq.*;<br>2.   FAILURE TO PAY MINIMUM WAGES & OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194, 1197, 1197.1 & 1198;<br>3.   FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>4.   FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br>5.   FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*<br><br>**DEMAND FOR A JURY TRIAL** |

1   Plaintiffs Venetia North and Christal Dunn ("PLAINTIFFS"), individuals, on behalf of

2   themselves and all other similarly situated current and former employees, allege on information

3   and belief, except for their own acts and knowledge which are based on personal knowledge,

4   the following:

5

6   ## INTRODUCTION

7   1.   This is a Class Action brought on behalf of the PLAINTIFFS and on behalf of

8   the proposed classes who worked for Defendant Guaranteed Rate, Inc. ("GUARANTEED

9   RATE" or "DEFENDANT") in California.  These employees were denied minimum and

10  overtime wages as required by federal and state wage and hour laws and seek to recover

11  these wages for the period beginning of the date four (4) years before the filing of this

12  Action and ending on the date as determined by the Court (the "CLASS PERIOD").

13  2.   The CLASS is made up of all persons who were employed by Defendant

14  Guaranteed Rate, Inc. as a "Mortgage Loan Officer," "Loan Officer," "VP of Mortgage

15  Lending," "Senior Mortgage Consultant" and other similar job titles (collectively, the "Loan

16  Officers"), at any time during the applicable CLASS PERIOD.

17

18  ## FACTUAL BACKGROUND

19  3.   Plaintiff Venetia North ("PLAINTIFF") was employed by DEFENDANT in

20  San Diego, California as a "Mortgage Loan Officer" and "VP of Mortgage Lending" from

21  July 2008 to January 2011.  PLAINTIFF was responsible for selling mortgage loan products

22  to customers out of her home office which DEFENDANT required her to maintain but did

23  not pay for.  PLAINTIFF conducted sales from her home office more than half her working

24  time and only occasionally met with clients outside of her home office.  PLAINTIFF was

25  paid a percentage of the yield spread premium paid to DEFENDANT which is based on a

26  percentage of the profit obtained by DEFENDANT from the sale of a loan.  As a result,

27  there were many pay periods during which the PLAINTIFF received less than minimum

28  wage or no compensation because she did not make any sales and/or was not paid all earned

1    wages on loans that she originated. PLAINTIFF regularly worked at least five (5) days a

2    week and ten (10) hours a day. PLAINTIFF began work early in the morning and worked

3    into the evenings and on the weekends, causing her hours worked to regularly exceed forty

4    (40) in a workweek. Further, DEFENDANT was aware that she was working overtime

5    because DEFENDANT's supervisors were often in the office working at the same time and

6    received notifications and reviewed records and logs which documented many of the tasks

7    the PLAINTIFF completed each day. Throughout her employment, PLAINTIFF incurred

8    deductions from her wages for loan processing rush fees and marketing charges on loans

9    that she had already earned compensation and which she was also not reimbursed.

10    Additionally, PLAINTIFF received no compensation for work performed from August 2010

11    to January 2011 and still has not received any compensation for loans she originated prior to

12    her termination.

13        4.    Plaintiff Christal Dunn ("PLAINTIFF") was employed by DEFENDANT in

14    California as a "Mortgage Loan Officer" and "VP of Mortgage Lending" from August 2008

15    to November 2010. PLAINTIFF was responsible for selling mortgage loan products to

16    customers out of DEFENDANT's retail office in Long Beach. PLAINTIFF conducted sales

17    from her office more than half her working time and only occasionally met with clients

18    outside of her office. PLAINTIFF was paid a percentage of the yield spread premium paid

19    to DEFENDANT which is based on a percentage of the profit obtained by DEFENDANT

20    from the sale of a loan. As a result, there were pay periods during which the PLAINTIFF

21    received less than minimum wage or no compensation because she did not make any sales

22    and/or was not paid all earned wages on loans that she originated. PLAINTIFF regularly

23    worked at least five (5) days a week and ten (10) hours a day. PLAINTIFF began work

24    early in the morning and worked into the evenings and on the weekends, causing her hours

25    worked to regularly exceed forty (40) in a workweek. Further, DEFENDANT was aware

26    that she was working overtime because DEFENDANT's supervisors were often in the office

27    working at the same time and received notifications and reviewed records and logs which

28    documented many of the tasks the PLAINTIFF completed each day. Throughout her

1  employment, PLAINTIFF incurred deductions from her wages for loan processing rush fees,
2  marketing charges, loan appraisal overages, and other related chargebacks, and for
3  allowables under DEFENDANT's "All Inclusive Plan" on loans that she had already earned
4  compensation and which she was also not reimbursed. Additionally, PLAINTIFF has still
5  not received all earned wages on loans that she originated prior to her voluntary termination
6  on November 12, 2010.

7

8                          **GENERAL ALLEGATIONS**

9       5.   Loan Officers are engaged in the core, day-to-day production activity of
10 DEFENDANT of promoting and selling mortgage loan products to customers which is work
11 directly related to the goods and services that constitute a financial service company's
12 marketplace offerings. Section 13 of the Fair Labor Standards Act ("FLSA") and Title 29 of
13 the Code of Federal Regulations ("C.F.R.") Sections 541, *et seq.*, set forth the requirements
14 which must be satisfied in order for an employee to be lawfully classified as exempt
15 pursuant to the "outside salesperson" exemption. Pursuant to 29 C.F.R. 541.502 and
16 California law, an outside sales employee must be customarily and regularly engaged and/or
17 spend more than half of his/her working time "away from the employer's place of business"
18 actually selling items or obtaining orders or contracts for products and/or services.

19       "Outside sales does not include sales made by mail, telephone, or the Internet unless
         such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether
20       home or office, used by a salesperson as a headquarters or for telephonic solicitation
         of sales is considered one of the employer's places of business, even the employer is
21       not in any formal sense the owner or tenant of the property."

22 29 C.F.R. 541.502.

23       6.   DEFENDANT requires the Loan Officers to perform these day-to-day
24 production financial services sales activities at their home offices, or at DEFENDANT's
25 retail offices primarily by and through telephone, internet and direct mail initiated sales. As
26 a result, the Loan Officers are engaged in a type of work that falls outside the scope of the
27 "outside salesperson" exemption, and should therefore have been properly paid all earned
28 wages including minimum and overtime compensation. Specifically, Plaintiff Venetia North

1   worked in her home office in San Diego conducting sales more than half her working time

2   and did not perform sales work outside of her home office for purposes of the "outside

3   salesperson" exemption. Plaintiff Christal Dunn worked at DEFENDANT's retail office

4   location in Long Beach conducting sales more than half her working time and did not

5   perform sales work outside of DEFENDANT's office. As a result, the PLAINTIFFS do not

6   qualify as outside sales employees under the "outside salesperson" exemption set forth in 29

7   C.F.R. 541.502 and under California law.

8       7.      Section 13 of the FLSA and Title 29 of the C.F.R. set forth the requirements

9   which must be satisfied in order for an employee to be lawfully classified as exempt

10   pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term

11   "retail or service establishment" as used in the Act "does not encompass establishments in

12   industries lacking a retail concept." Such establishments not having been traditionally

13   regarded as retail or service establishments, such a loan or finance companies, can not under

14   any circumstance qualify as a "retail or service establishment" within the statutory definition

15   of the Act." PLAINTIFFS and the Loan Officers are not exempt under Section 13 of the

16   FLSA or the provisions of 29 C.F.R. 541, *et seq.* because DEFENDANT is a financial

17   services company which does not qualify as a "retail or service establishment" pursuant to

18   29 C.F.R. 779.317, and therefore the PLAINTIFFS and the Loan Officers do not qualify for

19   the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i) as a matter of law.

20   DEFENDANT's conduct as herein alleged was willful and not in good faith, and

21   DEFENDANT had no reasonable grounds for believing that the alleged conduct was not a

22   violation of the FLSA.

23       8.      PLAINTIFFS and the other Loan officers were also compensated, in whole,

24   based on a percentage of the profit obtained by DEFENDANT from the sale of mortgage

25   loan products to customers. Cal. Lab. Code § 204.1 requires that in order for a

26   compensation scheme to be deemed to constitute "commission wages," the amount of

27   compensation must be a percent of the price of the product or service. DEFENDANT's

28   compensation scheme is therefore not a lawful compensation plan because the

1 PLAINTIFFS' and the other Loan Officers' compensation was not based on a percentage of

2 the price of the product or service sold as required by Cal. Lab. Code § 204.1.

3      9.     California Code of Regulations Section 11040(3)(A) provides that the

4 provisions of subsections (A), (B) and (C) [of the Wage Order] shall not apply to any

5 employee whose earnings exceed one and one-half (1 ½) times the minimum wage if more

6 than half of that employee's compensation represents commissions. PLAINTIFFS and the

7 other Loan Officers were not paid a bona fide commission, and were therefore not exempt

8 from the requirement that they be paid overtime. Further, employees who are paid pursuant

9 to the pay structure outlined by Cal. Code of Regs. § 11040(3) would only be exempt from

10 the provisions of subsections (A), (B) and (C), which govern the payment of overtime.

11 Nothing in this limited exemption, however, relieves an employer from the obligations of:

    12     (a)    California Code of Regulations § 11040(4), which requires employers to pay

13             at least minimum wage to employees;

14     (b)    California Code of Regulations § 11040(7), which requires employers to

15             provide accurate itemized wage statements to employees;

16     (c)    California Code of Regulations § 11040(11), which requires employers to

17             provide meal periods to employees; or

18     (d)    California Code of Regulations § 11040(12), which requires employers to

19             provide rest periods to employees.

20     10.    DEFENDANT also failed to pay the PLAINTIFFS and the other Loan

21 Officers for all earned wages, including but not limited to, unpaid wages promised to be paid

22 on loans originated by the these employees. As part of DEFENDANT's unlawful

23 compensation scheme, in order to receive earned wages for work performed, DEFENDANT

24 also requires these employees to remain an employee after the point in time that the wages

25 are earned. This compensation plan that requires the Loan Officers to forfeit earned wages

26 for failing to remain an employee after the wages are earned is an unlawful restraint on the

27 Loan Officers' mobility to move from job to job. DEFENDANT's compensation plan goes

28 far beyond what is necessary to protect its legitimate interests resulting in a situation where

1  the opportunity of the Loan Officers to seek other employment is thereby unlawfully

2  restricted. California law ensures that every citizen shall retain the right to pursue any

3  lawful employment and enterprise of their choice, while also protecting the legal right of

4  persons to engage in businesses and occupations of their choosing. DEFENDANT's

5  compensation scheme denying payment of earned wages for work performed by the

6  PLAINTIFFS and the Loan Officers is therefore a de facto unenforceable penalty provision

7  which results in an unlawful forfeiture of earned compensation, divests compensation from

8  these employees, and is unconscionable within the meaning of Cal. Lab. Code § 1670.5.

9       11.     DEFENDANT also unlawfully made deductions for business expenses and

10  overhead from the wages of the PLAINTIFFS and the other Loan Officers wages previously

11  paid and/or earned. Cal. Lab. Code § 221 provides that it shall be unlawful for any

12  employer to collect or receive from an employee any part of wages theretofore paid by said

13  employer to said employee. DEFENDANT deducted from the PLAINTIFFS' and the other

14  Loan Officers' wages amounts for loan processing rush fees, marketing charges, loan

15  appraisal overages, and other related chargebacks on loans which the PLAINTIFFS and the

16  other Loan Officers had already earned compensation. DEFENDANT therefore collected or

17  received from the PLAINTIFFS and the other Loan Officers a part of wages theretofore paid

18  by an employer to its employees in violation of Cal. Lab. Code § 221.

19       12.     After deducting earned wages from the payments made by DEFENDANT to

20  the PLAINTIFFS and the other Loan Officers, and failing to pay them compensation for all

21  earned wages, the PLAINTIFFS and the other Loan Officers earned less than minimum

22  wage required for all hours worked, or no compensation at all.

23       13.     DEFENDANT also failed to provide the PLAINTIFFS and the other Loan

24  Officers with complete and accurate wage statements which failed to show, among other

25  things, gross overtime pay and the true number of hours worked. Cal. Lab. Code § 226

26  provides that every employer shall furnish each of his or her employees with an accurate

27  itemized wage statement in writing showing, among other things, gross wages earned and all

28  applicable hourly rates in effect during the pay period and the corresponding number of

1   hours worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFFS

2   and the other Loan Officers with wage statements which violate Cal. Lab. Code § 226, and

3   also violate Wage Order No. 4 by failing to maintain time records showing when work

4   begins and ends for each employee.

5        14.    DEFENDANT also failed to indemnify and reimburse the PLAINTIFFS and

6   the other Loan Officers for required expenses incurred in the discharge of their duties for

7   DEFENDANT. Cal. Lab. Code § 2802 provides that "an employer shall indemnify his or

8   her employee for all necessary expenditures or losses incurred by the employee in direct

9   consequence of the discharge of his or her duties, or of his or her obedience to the directions

10   of the employer, even though unlawful, unless the employee, at the time of obeying the

11   directions, believed them to be unlawful." DEFENDANT failed to reimburse the

12   PLAINTIFFS and the other Loan Officers with home office expenses, including a printer,

13   fax machine, internet, phone, and other office-related products; expenses for loan processing

14   rush fees, marketing charges, loan appraisal overages, and other chargebacks; and for

15   allowables under DEFENDANT's "All Inclusive Plan" in violation of Cal. Lab. Code §

16   2802.

17        15.    The Loan Officer positions were represented by DEFENDANT to the

18   PLAINTIFFS and the other members of the CLASS as exempt and compensated solely

19   based on a percentage of the profit obtained by DEFENDANT.

20        16.    For DEFENDANT's business, the CLASS members functioned as working

21   members in DEFENDANT's retail loan division. As defined by DEFENDANT's

22   comprehensive corporate policies, practices and procedures, the CLASS members employed

23   by DEFENDANT were at all times required to perform the day-to-day production financial

24   services sales activities in the promoting and selling of mortgage loan products to customers

25   in accordance with DEFENDANT's uniform policies, practices, procedures and operations

26   which govern and control every aspect of the work performed by the Loan Officers. These

27   standardized procedures mirror the realities of the workplace evidencing a uniformity of

28   work among the Loan Officers and negate any exercise of discretion and independent

1    judgment as to matters of significance.

2        17.    The work schedule for the Loan Officers was set by DEFENDANT.

3    Generally, the CLASS members work ten (10) to fourteen (14) hours each workday and ten

4    (10) to twenty (20) hours of overtime each workweek.

5        18.    DEFENDANT has not established an alternative workweek election for the

6    CLASS members for ten (10) to fourteen (14) hour workdays.

7        19.    PLAINTIFFS and the other Loan Officers were not provided with minimum

8    wages, overtime compensation and other benefits required by law as a result of being

9    misclassified as "exempt" by DEFENDANT.

10       20.    As a matter of company policy, practice and procedure, DEFENDANT has

11   unlawfully, unfairly and/or deceptively classified every Loan Officer as exempt based on job

12   title alone, failed to pay required minimum wages and overtime compensation, and

13   otherwise failed to comply with all applicable labor laws with respect to these Loan

14   Officers.

15

16                              **THE PARTIES**

17       21.    Plaintiff Venetia North resides in San Diego, California and was employed by

18   DEFENDANT in San Diego as a Loan Officer from July 2008 to January 2011.

19       22.    Plaintiff Christal Dunn resides in Long Beach, California and was employed

20   by DEFENDANT in Long Beach as a Loan Officer from August 2008 to November 2011.

21       23.    Defendant Guaranteed Rate, Inc., a Delaware corporation, was formerly

22   known as Guaranteed Rate.com, Inc. and changed its name in December 2000. Guaranteed

23   Rate, Inc. was incorporated in 1999 under the laws of the State of Delaware, with its

24   principal place of business in Chicago, Illinois. At all relevant times mentioned herein,

25   Guaranteed Rate, Inc. hereinafter also referred to as "GUARANTEED RATE" or

26   "DEFENDANT" conducted and continues to conduct substantial and regular business

27   throughout California operating nine (9) locations throughout the state.

28       24.    DEFENDANT's business is providing financial services throughout

1   the United States. The company offers home loans, new purchase loans, refinancing loans,

2   debt consolidations, and also provides mortgage refinance and purchase products, such as

3   interest-only loans and reverse mortgages.

4         25.    The true names and capacities, whether individual, corporate, associate or

5   otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently

6   unknown to the PLAINTIFFS who therefore sue these Defendants by such fictitious names

7   pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS are informed and believe, and based

8   thereon, allege that each of the Defendants designated herein is legally responsible in some

9   manner for the unlawful acts referred to herein. PLAINTIFFS will seek leave of Court to

10   amend this Complaint to reflect the true names and capacities of the Defendants when they

11   have been ascertained and become known.

12         26.    The agents, servants and/or employees of the Defendants and each of them

13   acting on behalf of the Defendants acted within the course and scope of his, her or its

14   authority as the agent, servant and/or employee of the Defendants, and personally

15   participated in the conduct alleged herein on behalf of the Defendants with respect to the

16   conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to

17   the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFFS

18   and the other CLASS members, for the loss sustained as a proximate result of the conduct of

19   the Defendants' agents, servants and/or employees.

20   

21                              **JURISDICTION AND VENUE**

22         27.    This Court has jurisdiction over this Action pursuant to California Code of

23   Civil Procedure, Section 410.10 and California Business & Professions Code, Section

24   17203. This Action is brought as a Class Action on behalf of similarly situated employees

25   of Defendant Guaranteed Rate, Inc. pursuant to California Code of Civil Procedure, Section

26   382.

27         28.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

28   Sections 395 and 395.5, because Plaintiff Venetia North resides in this County and

1  DEFENDANT (i) currently maintains and at all relevant times maintained offices and
2  facilities in this County and/or conducts substantial business in this County, and (ii)
3  committed the wrongful conduct herein alleged in this County against members of the
4  CLASS.

5

6                                **THE CONDUCT**

7       29.    The primary job duty required of the CLASS members as defined by
8  DEFENDANT is executed by the CLASS members through the performance of non-exempt
9  production labor within a defined skill set.

10      30.    Although the PLAINTIFFS and the other CLASS members primarily
11             performed
12  non-exempt production labor, DEFENDANT instituted a blanket classification policy,
13  practice and procedure by which all of these CLASS members were classified as exempt
14  from compensation for all hours worked, overtime compensation, and meal breaks and rest
15  breaks. By reason of this uniform exemption policy, practice and procedure applicable to
16  the PLAINTIFFS and the other CLASS members who performed this non-exempt labor,
17  DEFENDANT committed acts of unfair competition in violation of the California Unfair
18  Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-
19  wide policy, practice and procedure which failed to properly classify the PLAINTIFFS and
20  the other CLASS members and thereby failed to pay them wages for all hours worked,
21  overtime wages for overtime hours worked, and provide them with meal and rest breaks.
22  The proper classification of these employees is DEFENDANT's burden. As a result of
23  DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT
24  failed to pay all required compensation for all hours worked by the PLAINTIFFS and the
25  other CLASS members and violated the California Labor Code and regulations promulgated
26  thereunder as herein alleged. In addition, DEFENDANT failed to provide all legally
27  required off-duty meal and rest breaks to the PLAINTIFFS and the other CLASS members
28  as required by the applicable Wage Order and Labor Code. DEFENDANT did not have a

1  policy or practice which provided meal and rest breaks to the PLAINTIFFS and the other

2  CLASS members.  As a result, DEFENDANT's failure to provide the PLAINTIFFS and the

3  other CLASS members with all legally required meal and rest breaks is evidenced by

4  DEFENDANT's business records which contain no record of these breaks.  In addition,

5  DEFENDANT also failed to indemnify and reimburse the PLAINTIFFS and the other

6  CLASS members for expenses incurred in the discharge of their duties for DEFENDANT.

7    31.   DEFENDANT, as a matter of law, has the burden of proving that (a)

8  employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

9  with applicable laws.  Other than the initial classification of the PLAINTIFFS and the other

10  CLASS members as exempt from being paid overtime based on job title alone,

11  DEFENDANT had no business policy, practice or procedure to ensure that the PLAINTIFFS

12  and the other CLASS members were properly classified as exempt, and in fact, as a matter

13  of corporate policy erroneously and unilaterally classified all the CLASS members as

14  exempt based on job title alone.

15    32.   During their employment with DEFENDANT, the PLAINTIFFS and the other

16  CLASS members primarily performed non-exempt job duties in non-exempt positions, but

17  were nevertheless classified by DEFENDANT as exempt from overtime pay and worked

18  more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th)

19  consecutive day of a workweek.

20    33.   PLAINTIFFS and the other CLASS members employed by DEFENDANT

21    were

22  not primarily engaged in work of a type that was or now is directly related to the

23  management or general business operation of the employer's customers, when giving these

24  words a fair but narrow construction.  PLAINTIFFS and the other CLASS members

25  employed by DEFENDANT were also not primarily engaged in work of a type that was or

26  now is performed more than half of their working time away from the employer's place of

27  business. PLAINTIFFS and the other CLASS members employed by DEFENDANT were

28  also not primarily engaged in work of a type that was or now is compensated from bona fide

1    sales commissions. PLAINTIFFS and the other CLASS members employed by
2    DEFENDANT were also not primarily engaged in work of a type that was or now is
3    performed at the level of the policy or management of DEFENDANT. PLAINTIFFS and
4    the other CLASS members employed by DEFENDANT were also not primarily engaged in
5    work requiring knowledge of an advanced type in a field or science or learning customarily
6    acquired by a prolonged course of specialized intellectual instruction and study, but rather
7    their work primarily involves the performance of routine mental, manual, and/or physical
8    processes. PLAINTIFFS and the other CLASS members employed by DEFENDANT were
9    also not primarily engaged in work that is predominantly intellectual and varied in character,
10   but rather is routine mental, manual, mechanical, and/or physical work that is of such
11   character that the output produced or the result accomplished can be standardized in relation
12   to a given period of time. The work of a Loan Officer of DEFENDANT was work wherein
13   the PLAINTIFFS and the other CLASS members were primarily engaged in the day-to-day
14   production financial services sales activities in promoting, selling and preparing mortgage
15   loan products to customers on the production side of DEFENDANT's business and in
16   accordance with DEFENDANT's strict company policies, practices and procedures.

17       34.     None of the Loan Officers employed by DEFENDANT were compensated on
18   a salary basis. As a result, the Loan Officer position does not qualify for a professional,
19   executive or professional exemption under state or federal law as a matter of law.

20       35.     The primary job duty of the PLAINTIFFS and the other CLASS members
21   employed by DEFENDANT was and is promoting, selling and preparing proprietary
22   mortgage loan products to customers by and through telephone, internet and direct mail
23   initiated sales. Loan Officers may be classified as exempt from California overtime as long
24   as these employees earn a bona fide sales commission and/or perform sales activities away
25   from the employer's locations. As a result of the CLASS members not being paid a bona
26   fide commission and not working away from the DEFENDANT's locations, the CLASS
27   members were and are engaged in work of a type that falls outside the scope of the
28   "commissioned salesperson" and "outside salesperson" exemptions, and should therefore

1   have been properly classified as non-exempt employees.

2      36.   DEFENDANT's company is a loan and finance company, and therefore is not
3   a "retail or service establishment" within the meaning of 29 U.S.C. §207(i).

4      37.   PLAINTIFFS and the other CLASS members were and are uniformly
5   classified and treated by DEFENDANT as exempt at the time of hire and thereafter,
6   DEFENDANT failed to take the proper steps to determine whether the PLAINTIFFS and
7   the other CLASS members were properly classified under the applicable Industrial Welfare
8   Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as
9   exempt from applicable California labor laws. Since DEFENDANT affirmatively and
10  wilfully misclassified the PLAINTIFFS and the other CLASS members in compliance with
11  California labor laws, DEFENDANT's practices violated and continue to violate California
12  law. In addition, DEFENDANT acted deceptively by falsely and fraudulently telling the
13  PLAINTIFFS and each member of the CLASS that they were exempt from compensation
14  for all earned wages and overtime pay when DEFENDANT knew or should have known that
15  this statement was false and not based on known facts. DEFENDANT also acted unfairly by
16  violating the California labor laws, and as a result of this policy and practice, DEFENDANT
17  also violated the UCL. In doing so, DEFENDANT cheated the competition by paying the
18  CLASS less than the amount competitors paid who complied with the law and cheated the
19  CLASS by not paying them in accordance with California law.

20      38.   DEFENDANT also failed to provide and still fails to provide the
21  PLAINTIFFS and the other CLASS members with a wage statement in writing that
22  accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay
23  period and the corresponding number of hours worked at each hourly rate by the
24  PLAINTIFFS and the other CLASS members. This conduct violates California Labor Code
25  § 226. The pay stub also does not accurately display anywhere the PLAINTIFFS' and the
26  other CLASS members' overtime hours and applicable rates of overtime pay for the pay
27  period.

28      39.   By reason of this uniform conduct applicable to the PLAINTIFFS and the

---

CLASS AND COLLECTIVE ACTION COMPLAINT
-14-

1  other CLASS members, DEFENDANT committed acts of unfair competition in violation of

2  the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

3  engaging in a company-wide policy, practice and procedure which failed to correctly classify

4  the PLAINTIFFS and the other CLASS members as non-exempt. The proper classification

5  of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional

6  disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate

7  and/or pay all required compensation for work performed by the CLASS members and

8  violated the FLSA, the applicable Wage Order, the California Code of Regulations, the

9  California Labor Code and the regulations promulgated thereunder as herein alleged.

10      40.     DEFENDANT also committed acts of unfair competition in violation of the

11  California Unfair Competition law, Cal. Bus. & Prof. Code § 17200., by engaging in a

12  company-wide policy, practice and procedure which unlawfully provided for the forfeiture

13  of earned wages from the sale of mortgage loan products, including but not limited to,

14  unpaid compensation promised to be paid on loans originated by the PLAINTIFFS and the

15  other Loan Officers. DEFENDANT also unlawfully deducted from the wages of the

16  PLAINTIFFS and the other Loan Officers wages previously paid and/or earned, including

17  but not limited to, loan processing rush fees, marketing charges, loan appraisal overages, and

18  other related chargebacks in violation of Cal. Lab. Code § 221, and in turn, in violation of

19  Cal. Bus. & Prof. Code § 17200. After deducting earned wages from the payments made by

20  DEFENDANT to the PLAINTIFFS and the other Loan Officers and failing to pay them

21  compensation for all earned wages, the PLAINTIFFS and the other Loan Officers earned

22  less than minimum wage or no compensation required for all hours worked.

23

24                          **THE UCL REMEDIES**

25      41.     As a result of DEFENDANT's UCL violation, the PLAINTIFFS, on behalf

26  of themselves and the CLASS, seek restitutionary disgorgement of DEFENDANT's ill-

27  gotten gains into a fluid fund in order to provide restitution of all the money that

28  DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFFS and all the

1  other CLASS members. PLAINTIFFS also seek all other relief available to them and the
2  other CLASS members located in California under California law. PLAINTIFFS also seek
3  declaratory relief finding that the employment policies, practices and procedures of
4  DEFENDANT are unlawful.

5

6  ## THE CLASS

7      42.    PLAINTIFFS bring the First, Second, Third and Fourth Causes of Action as a
8  Class Action pursuant to California Code of Civil Procedure, Section 382, on behalf of a
9  Class defined as all individuals who are or previously were employed by Defendant
10 Guaranteed Rate, Inc. as a Loan Officer as hereinabove defined in California (the "CLASS")
11 during the period beginning on the date four (4) years before the filing of this Action and
12 ending on the date as determined by the Court (the "CLASS PERIOD").

13     43.    To the extent equitable tolling operates to toll claims by the CLASS against
14 DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

15     44.    DEFENDANT, as a matter of corporate policy, practice and procedure,
16 and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")
17 Wage Order Requirements, and the applicable provisions of California law, intentionally,
18 knowingly and wilfully engaged in a practice whereby DEFENDANT unlawfully, unfairly
19 and deceptively instituted a practice to ensure that the employees employed in a Loan
20 Officer position were not properly classified as non-exempt from the requirements of
21 California Labor Code §§ 510, *et seq.* and the FLSA.

22     45.    DEFENDANT has the burden of proof that each and every employee is
23 properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*
24 and the FLSA. DEFENDANT, however, as a matter of uniform and systematic policy,
25 practice and procedure, had in place during the CLASS PERIOD and still has in place a
26 policy, practice and procedure that misclassifies the CLASS members as exempt.
27 DEFENDANT's uniform policy, practice and procedure in place at all times during the
28 CLASS PERIOD and currently in place is to systematically classify each and every CLASS

1    member as exempt. This common business practice applicable to each and every CLASS

2    member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under

3    California Business & Professions Code §§ 17200 *et seq.* (the "UCL") as causation,

4    damages and reliance are not elements of this claim.

5        46.    At no time before or during the PLAINTIFFS' employment with

6    DEFENDANT was any CLASS member reclassified as non-exempt from the applicable

7    requirements of applicable overtime laws after each CLASS member was initially, uniformly

8    and systematically classified as exempt upon being hired.

9        47.    Any individual declarations of any employees offered at this time purporting

10   to indicate that one or more CLASS member may have been properly classified is of no

11   force or affect absent contemporaneous evidence that DEFENDANT's uniform system did

12   not misclassify the PLAINTIFFS and the other CLASS members as exempt from overtime.

13   Absent proof of such a contemporaneous system, DEFENDANT's business practice is

14   uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a

15   class-wide basis. As a result of the UCL violations, the PLAINTIFFS and the other CLASS

16   members are entitled to compel DEFENDANT to provide restitutionary disgorgement of

17   their ill-gotten gains into a fluid fund in order to restitute these funds to the PLAINTIFFS

18   and the other CLASS members according to proof.

19       48.    DEFENDANT has intentionally and deliberately created a multi-tiered

20   management structure with numerous levels. PLAINTIFFS and the other CLASS members

21   are at the bottom of the pyramid, acting as low-level functionaries whose primary job duty is

22   the day-to-day production activities for mortgage loan products in accordance with

23   DEFENDANT's strict, uniform policies, practices, procedures and operations. The job

24   levels and job titles such as "Mortgage Loan Officer," "Loan Officer," "VP of Mortgage

25   Lending" and "Senior Mortgage Consultant" (collectively the "Loan Officers") were

26   distributed in order to create the superficial appearance of a number of unique jobs, when in

27   fact, these jobs are substantially similar and can be easily grouped together with other jobs

28   for the purpose of determining whether they were all misclassified. One of DEFENDANT's

1  purposes in creating and maintaining this multi-level job classification scheme is to create an

2  artificial barrier to discovery and class certification for all employees similarly misclassified

3  as exempt. DEFENDANT has uniformly misclassified these CLASS members as exempt

4  and denied them overtime wages and other benefits to which non-exempt employees are

5  entitled, in order to unfairly cheat the competition and unlawfully profit.

6      49.    The CLASS is so numerous that joinder of all CLASS members is

7          impracticable.

8      50.    During the CLASS PERIOD, DEFENDANT violated the

9  rights of the PLAINTIFFS and the other CLASS members under California law, without

10  limitation, in the following manners:

11          (a)    Violating the California Unfair Competition law, Cal. Bus. & Prof.

12              Code §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or

13              deceptively having in place company policies, practices and procedures

14              that uniformly misclassified the PLAINTIFFS and the other CLASS

15              members as exempt;

16          (b)    Committing an act of unfair competition in violation of the UCL, by

17              unlawfully, unfairly and/or deceptively failing to have in place a

18              company policy, practice and procedure that accurately determined the

19              amount of working time spent by the PLAINTIFFS and the other

20              CLASS members performing non-exempt labor;

21          (c)    Committing an act of unfair competition in violation of the UCL, by

22              having in place a company policy, practice and procedure that failed to

23              reclassify as non-exempt those members of the CLASS whose actual

24              job duties are primarily comprised of non-exempt job functions;

25          (d)    Committing an act of unfair competition in violation of the UCL, by

26              violating Cal. Lab. Code §§ 510, *et seq.* by failing to pay the correct

27              overtime pay to the PLAINTIFFS and the other CLASS members who

28              were improperly classified as exempt, and retaining the unpaid

1    overtime to the benefit of DEFENDANT;

2    (e)    Committing an act of unfair competition in violation of the UCL, by

3           failing to pay the PLAINTIFFS and the other CLASS members

4           minimum wages for all hours worked;

5    (f)    Committing an act of unfair competition in violation of the UCL, by

6           failing to pay the PLAINTIFFS and the other CLASS members

7           compensation for all earned wages;

8    (g)    Committing an act of unfair competition in violation of the UCL, by

9           unlawfully deducting earned wages from the PLAINTIFFS and the

10          other CLASS members;

11   (h)    Committing an act of unfair competition in violation of the UCL, by

12          failing to pay the PLAINTIFFS and the other CLASS members all

13          accrued and unused vacation pay hours upon their termination date;

14   (i)    Committing an act of unfair competition in violation of the UCL, by

15          failing to provide all legally required meal and/or rest breaks to the

16          PLAINTIFFS and the other CLASS members;

17   (j)    Committing an act of unfair competition in violation of the UCL, by

18          violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFFS

19          and the other CLASS members with an accurate itemized statement in

20          writing showing the gross wages earned, the net wages earned, all

21          applicable hourly rates in effect during the pay period and the

22          corresponding number of hours worked at each hourly rate by the

23          employee;

24   (k)    Committing an act of unfair competition in violation of the UCL, by

25          violating Cal. Lab. Code § 2802 by failing to reimburse the

26          PLAINTIFFS and the other CLASS members with required expenses

27          incurred in the discharge of their duties for DEFENDANT;

28   (l)    Committing an act of unfair competition in violation of the UCL, by

1   violating Cal. Lab. Code §§ 201, 202, 203, & 204, by failing to tender

2   timely and full payment and/or restitution of all wages owed to the

3   employees whose employment with DEFENDANT has terminated on

4   sales for which payment was received by DEFENDANT; and,

5   (m)   Committing an act of unfair competition in violation of the UCL, by

6   violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

7   *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF

8   and the other CLASS members who were improperly classified as

9   exempt as legally required by the FLSA, and retaining the unpaid

10   overtime to the benefit of DEFENDANT.

11   51.   Common questions of law and fact exist as to the CLASS

12   members, including but not limited to, the following:

13   (a)   Whether DEFENDANT's policies, practices and pattern of conduct

14   described in this Complaint was and is unlawful;

15   (b)   Whether DEFENDANT unlawfully failed to pay overtime

16   compensation to the CLASS members in violation of the California

17   Labor Code, California regulations and the applicable California Wage

18   Order;

19   (c)   Whether the CLASS members are non-exempt employees entitled to

20   overtime compensation for overtime hours worked under the overtime

21   pay requirements of California law;

22   (d)   Whether DEFENDANT's policy, practice and procedure of classifying

23   the CLASS members as exempt from overtime compensation and

24   failing to pay the CLASS members overtime violates applicable

25   provisions of California law;

26   (e)   Whether DEFENDANT failed to compensate the CLASS members for

27   all earned wages;

28   (f)   Whether DEFENDANT failed to pay minimum wages to the CLASS

members for all hours worked;

(g)     Whether DEFENDANT failed to pay commission compensation to the CLASS members in violation of the California Labor Code and applicable regulations and California Wage Order 4-2001;

(h)     Whether DEFENDANT unlawfully deducted earned wages from the CLASS members' wages in violation of the California Labor Code and applicable regulations and California Wage Order 4-2001;

(i)     Whether DEFENDANT unlawfully failed to pay the CLASS members all accrued and unused vacation hours upon their termination date;

(j)     Whether DEFENDANT unlawfully failed to keep and furnish CLASS members with accurate records of overtime hours worked;

(k)     Whether DEFENDANT unlawfully failed to reimburse the CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT;

(l)     Whether DEFENDANT's policy and practice of failing to pay the CLASS members all wages when due within the time required by law after their employment terminated violates California law;

(m)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct; and,

(n)     Whether DEFENDANT's conduct was willful.

52.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure, Section 382, in that:

(a)     The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory and declaratory relief issues that are raised in this Complaint are common to the CLASS and will apply uniformly to every member of the CLASS;

(c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CLASS. PLAINTIFFS, like all the other CLASS members, were initially classified as exempt upon hiring based on the defined corporate policies, practices and procedures and labored under DEFENDANT's systematic policy, practice and procedure that failed to properly classify the PLAINTIFFS and the other CLASS members. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the other CLASS members were and are similarly or identically harmed by the same unlawful, unfair, deceptive and pervasive pattern of misconduct engaged in by DEFENDANT by deceptively advising all the CLASS members that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CLASS, and have retained counsel who is competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the other CLASS members that would make class certification inappropriate. Counsel for the CLASS will vigorously assert the claims of all employees in the CLASS.

53.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, in that:

(a)   Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CLASS will create the

1       risk of:

2           i)     Inconsistent or varying adjudications with respect to individual

3                    members of the CLASS which would establish incompatible

4                    standards of conduct for the parties opposing the CLASS;

5                    and/or,

6           ii)    Adjudication with respect to individual members of the CLASS

7                    which would as a practical matter be dispositive of interests of

8                    the other members not party to the adjudication or substantially

9                    impair or impede their ability to protect their interests.

10     (b)    The parties opposing the CLASS have acted or refused to act on

11           grounds generally applicable to the CLASS, making appropriate class-

12           wide relief with respect to the CLASS as a whole in that DEFENDANT

13           uniformly classified and treated the CLASS members as exempt and,

14           thereafter, uniformly failed to take proper steps to determine whether

15           the CLASS members were properly classified as exempt, and thereby

16           denied these employees overtime wages as required by law.

17           i)     With respect to the First Cause of Action, the final relief on

18                    behalf of the CLASS sought does not relate exclusively to

19                    restitution because through this claim the PLAINTIFFS seek

20                    declaratory relief holding that DEFENDANT's policy, practice

21                    and procedure constitute unfair competition, along with

22                    incidental equitable relief as may be necessary to remedy the

23                    conduct declared to constitute unfair competition.

24     (c)    Common questions of law and fact exist as to the members of the

25           CLASS, with respect to the practices and violations of California law as

26           listed above, and predominate over any question affecting only

27           individual members, and a Class Action is superior to other available

28           methods for the fair and efficient adjudication of the controversy,

including consideration of:

i)    The interests of the CLASS members in individually controlling the prosecution or defense of separate actions;

ii)   The extent and nature of any litigation concerning the controversy already commenced by or against the CLASS members;

iii)  In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, a Class Action is the only means to assert their claims through a representative;

iv)   The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

v)    The difficulties likely to be encountered in the management of a Class Action; and,

vi)   The basis of DEFENDANT's policies, practices and procedures uniformly applied to all CLASS members.

54.    This Court should permit this Action to be maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, because:

(a)    The questions of law and fact common to the CLASS predominate over any question affecting only individual members because DEFENDANT's employment practices were uniformly and systematically applied with respect to the CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS because in the context of employment litigation a substantial number of

individual class members will avoid asserting their rights individually
out of fear of retaliation or adverse impact on their employment;

(c)    The CLASS members are so numerous that it is impractical to bring all
the CLASS members before the Court;

(d)    PLAINTIFFS and the other CLASS members will not be able to obtain
effective and economic legal redress unless the action is maintained as
a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and
equitable relief for the acts of unfair competition, statutory violations
and other improprieties, and in obtaining adequate compensation for the
injuries which DEFENDANT's actions have inflicted upon the CLASS;

(f)    There is a community of interest in ensuring that the combined assets of
DEFENDANT are sufficient to adequately compensate the members of
the CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally
applicable to the CLASS, thereby making final class-wide relief
appropriate with respect to the CLASS as a whole;

(h)    The CLASS members are readily ascertainable from the business
records of DEFENDANT.  The CLASS consists of all DEFENDANT's
Loan Officers employed in California during the CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to
bring an efficient and a rapid conclusion to all litigation of all wage and
hour related claims arising out of the conduct of DEFENDANT as to
the members of the CLASS.

55.    DEFENDANT maintains records from which the Court can ascertain and
identify by name and job title, each of DEFENDANT's employees who have been
systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies,
practices and procedures as herein alleged.  PLAINTIFFS will seek leave to amend the

1  complaint to include any additional job titles of similarly situated employees when they have
2  been identified.

3

4  ### FIRST CAUSE OF ACTION

5  ### For Unlawful, Unfair and Deceptive Business Practices

6  ### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

7  ### (By PLAINTIFFS and the CLASS and against All Defendants)

8      56.    PLAINTIFFS and the other CLASS members reallege and

9  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 55 of

10  this Complaint.

11      57.    DEFENDANT is a "persons" as that term is defined under Cal. Bus. & Prof.

12  Code § 17021.

13      58.    Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL") defines unfair

14  competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203

15  authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

16  competition as follows:

17      Any person who engages, has engaged, or proposes to engage in unfair
        competition may be enjoined in any court of competent jurisdiction. The court
18      may make such orders or judgments, including the appointment of a receiver,
        as may be necessary to prevent the use or employment by any person of any
19      practice which constitutes unfair competition, as defined in this chapter, or as
        may be necessary to restore to any person in interest any money or property,
20      real or personal, which may have been acquired by means of such unfair
        competition.
21
    Cal. Bus. & Prof. Code § 17203.
22
        59.    By the conduct alleged herein, DEFENDANT has engaged and continues to
23
    engage in a business practice which violates California law, including but not limited to,
24
    Wage Order 4-2001, the California Code of Regulations, the Minimum Wage Order (MW-
25
    2007), the California Labor Code including Sections 201, 202, 203, 204, 221, 226.7, 227.3,
26
    510, 1194, 1197, 1198 & 1199, the Code of Federal Regulations and the Fair Labor
27
    Standards Act ("FLSA"), for which this Court should issue declaratory and other equitable
28
    relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and

1    remedy the conduct held to constitute unfair competition, including restitution of wages
2    wrongfully withheld.

3         60.    By the conduct alleged herein, DEFENDANT's practices were unfair in that
4    these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or
5    substantially injurious to employees, and are without valid justification or utility for which
6    this Court should issue equitable and injunctive relief pursuant to Section 17203 of the
7    California Business & Professions Code, including restitution of wages wrongfully
8    withheld.

9         61.    By the conduct alleged herein, DEFENDANT's practices were deceptive and
10   fraudulent in that DEFENDANT's uniform misclassification practice was to represent to the
11   CLASS members that they were not entitled to overtime compensation and other benefits as
12   required by California law, when in fact these representations were false and likely to
13   deceive for which this Court should issue equitable and injunctive relief pursuant to Section
14   17203 of the California Business & Professions Code, including restitution of wages
15   wrongfully withheld.

16        62.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
17   unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFFS
18   and the other CLASS members to be underpaid during their employment with
19   DEFENDANT.

20        63.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
21   unfair and deceptive in that DEFENDANT's uniform policies and practices failed to timely
22   pay all accrued and unused vacation hours to Plaintiff Venetia North and the other CLASS
23   members upon their termination date as required by California law. Plaintiff Venetia North
24   therefore seeks all accrued and unpaid vacation pay due her and the former employees in the
25   CLASS.

26        64.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
27   unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures
28   failed to provide mandatory meal and/or rest breaks to the PLAINTIFFS and the other

1  CLASS members.

2      65.    Therefore, the PLAINTIFFS demand on behalf of themselves and on behalf of

3  each CLASS member, minimum wages, overtime wages, business expenses, and one (1)

4  hour of pay for each workday in which an off-duty meal period was not timely provided for

5  each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second

6  off-duty meal period was not timely provided for each ten (10) hours of work.

7      66.    PLAINTIFFS further demand on behalf of themselves and on behalf of each

8  CLASS member, one (1) hour of pay for each workday in which a rest period was not timely

9  provided as required by law.

10     67.    By and through the unlawful, unfair and deceptive business practices

11 described herein above, DEFENDANT has obtained valuable property, money and services

12 from the PLAINTIFFS and the other CLASS members and has deprived them of valuable

13 rights and benefits guaranteed by law, all to their detriment and to the benefit of

14 DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who

15 comply with the law.

16     68.    All the acts described herein as violations of, among other things, the

17 Industrial Welfare Commission Wage Orders, the California Labor Code, the California

18 Code of Regulations, the Code of Federal Regulations, and the Fair Labor Standards Act, are

19 unlawful, are in violation of public policy, are immoral, unethical, oppressive, unscrupulous,

20 and are likely to deceive employees, as herein alleged, and thereby constitute unlawful,

21 unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et*

22 *seq.*

23     69.    PLAINTIFFS and the other CLASS members are further

24 entitled to, and do, seek such relief as may be necessary to restore to them the property and

25 money which DEFENDANT has acquired, or of which the PLAINTIFFS and the CLASS

26 members have been deprived, by means of the described unlawful, unfair and deceptive

27 business practices.

28     70.    PLAINTIFFS and the other CLASS members are further

1   entitled to, and do, seek a declaration that the described business practices are unlawful,

2   unfair and deceptive and that injunctive relief should be issued restraining DEFENDANT

3   from engaging in any unlawful and unfair business practices in the future:

4        71.    PLAINTIFFS and the other CLASS members have no plain,

5   speedy and/or adequate remedy at law that will end the unlawful and unfair business

6   practices of DEFENDANT. Further, the practices herein alleged presently continue to occur

7   unabated. As a result of the unfair and unlawful business practices described herein, the

8   PLAINTIFFS and the CLASS members have suffered and will continue to suffer irreparable

9   legal and economic harm unless DEFENDANT is restrained from continuing to engage in

10   these unlawful and unfair business practices.

11

12   **SECOND CAUSE OF ACTION**

13   **For Failure To Pay Minimum Wages & Overtime Wages**

14   **[Cal. Lab. Code §§ 510, 1194, 1197 & 1198]**

15   **(By PLAINTIFFS and the CLASS and Against All Defendants)**

16        72.    PLAINTIFFS and the other CLASS members reallege and

17   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 71 of

18   this Complaint.

19        73.    Cal. Lab. Code § 510 states in relevant part:

20           Eight hours of labor constitutes a day's work. Any work in excess of eight
        hours in one workday and any work in excess of 40 hours in any one
21           workweek and the first eight hours worked on the seventh day of work in any
        one workweek shall be compensated at the rate of no less than one and one-
22           half times the regular rate of pay for an employee. Any work in excess of 12
        hours in one day shall be compensated at the rate of no less than twice the
23           regular rate of pay for an employee. In addition, any work in excess of eight
        hours on any seventh day of a workweek shall be compensated at the rate of no
24           less than twice the regular rate of pay of an employee.

25        74.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation

26   of labor is entitled to one day's rest therefrom in seven."

27        75.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

28   employees to work more than six days in seven."

76.     Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

77.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit

78.     Cal. Lab. Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wages than the minimum so fixed is unlawful."

79.     Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

80.     DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFFS and the other CLASS members who worked on the production side of DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the California Labor Code and Industrial Welfare Commission requirements.

81.     For an employee to be exempt as a bona fide "commissioned salesperson," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be making sales as defined to include any sale, exchange, contract to sell, consignment sale, shipment for sale, or other disposition; or

(b)     The employee must obtain orders or contracts for services or for the use of

1    facilities for which a consideration will be paid by the client or customer; and,

2    (c)    The employee's earnings must be exceed one and one-half times the minimum

3           wage; and,

4    (d)    The employee must earn more than half of their compensation from bona fide

5           sales commissions; and,

6    (e)    The employee must be primarily engaged in duties which meet the test of

7           exemption.

8    No member of the CLASS was or is an inside salesperson or commissioned salesperson

9    because they all fail to meet the requirements of being a "commissioned salesperson" within

10   the meaning of the applicable Wage Order.

11        82.    For an employee to be exempt as a bona fide "outside salesperson," all the

12   following criteria must be met and DEFENDANT has the burden of proving that:

13   (a)    The employee's primary duty must be making sales as defined to include any

14          sale, exchange, contract to sell, consignment sale, shipment for sale, or other

15          disposition; or

16   (b)    The employee must obtain orders or contracts for services or for the use of

17          facilities for which a consideration will be paid by the client or customer; and,

18   (c)    The employee must customarily and regularly spend more than half the work

19          time away from the employer's place of business engaged in sales-related

20          activity; and,

21   (d)    The employee must be primarily engaged in duties which meet the test of

22          exemption.

23   No member of the CLASS was or is an outside salesperson because they all fail to meet the

24   requirements of being an "outside salesperson" within the meaning of the applicable Wage

25   Order.

26        83.    For an employee to be exempt as a bona fide "executive," all the following

27   criteria must be met and DEFENDANT has the burden of proving that:

28   (a)    The employee's primary duty must be management of the enterprise, or of a

1        customarily recognized department or subdivision; and,

2    (b)    The employee must customarily and regularly direct the work of at least two

3           (2) or more other employees; and,

4    (c)    The employee must have the authority to hire and fire, or to command

5           particularly serious attention to his or his recommendations on such actions

6           affecting other employees; and,

7    (d)    The employee must customarily and regularly exercise discretion and

8           independent judgment; and,

9    (e)    The employee must be primarily engaged in duties which meet the test of

10          exemption.

11   No member of the CLASS was or is an executive because they all fail to meet the

12   requirements of being an "executive" within the meaning of the applicable Wage Order.

13   84.    For an employee to be exempt as a bona fide "administrator," all of the

14   following criteria must be met and DEFENDANT has the burden of proving that:

15   (a)    The employee must perform office or non-manual work directly related to

16          management policies or general business operation of the employer; and,

17   (b)    The employee must customarily and regularly exercise discretion and

18          independent judgment; and,

19   (c)    The employee must regularly and directly assist a proprietor or an exempt

20          administrator; or,

21   (d)    The employee must perform, under only general supervision, work requiring

22          special training, experience, or knowledge, or,

23   (e)    The employee must execute special assignments and tasks under only general

24          supervision; and,

25   (f)    The employee must be primarily engaged in duties which meet the test of

26          exemption.

27   No member of the CLASS was or is an administrator because they all fail to meet the

28   requirements for being an "administrator" within the meaning of the applicable Wage Order.

85. The Industrial Welfare Commission, in Wage Order 4-2001, at Section (1)(A)(3)(h) and Labor Code Section 515, also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

       i)     Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

       ii)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

       iii)     Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

1 | No member of the CLASS was or is a professional because they all fail to meet the

2 | requirements of being a "professional" within the meaning of the applicable Wage Order.

3 |      86.    PLAINTIFFS and the other CLASS members do not fit within

4 | the definition of an exempt executive, administrative, or professional employee because:

5 |      (a)    They did not work as executives or administrators; and,

6 |      (b)    The professional exemption does not apply to the PLAINTIFFS nor to the

7 |      CLASS members because they did not meet all the applicable requirements to

8 |      work under the professional exemption for the reasons set forth above in this

9 |      Complaint.

10 |      87.    The Industrial Welfare Commission, in Wage Order 4-2001, at Section (3)(D),

11 | provides a partial exemption for "commissioned" employees. This partial exemption only

12 | applies to overtime, and does not apply to the other benefits guaranteed by California law.

13 | For an employee to be exempt as a bona fide "commissioned" employee, the following

14 | criteria must be met and DEFENDANT has the burden of proving that for each workweek,

15 | the employee's "earnings exceed one and one-half (1 ½) times the minimum wage" and that

16 | "more than half of that employee's compensation represents commissions." Because the

17 | CLASS members do not earn bona fide sales commission, the PLAINTIFFS and the other

18 | CLASS members do not fit within the definition of an exempt "commissioned salesperson."

19 |

20 |      88.    The Industrial Welfare Commission, in Wage Order 4-2001, at Section (2)(M),

21 | also sets forth the requirements which must be complied with to place an employee in the

22 | "outside salesperson" exempt category. For an employee to be exempt as a bona fide

23 | "outside salesperson," all the following criteria must be met and DEFENDANT has the

24 | burden of proving that the employee "customarily and regularly works more than half their

25 | working time away from the employer's place of business selling tangible or intangible

26 | items or obtaining orders or contracts for products, services or use of facilities." Because

27 | the CLASS members perform their work at their home offices, which DEFENDANT

28 | requires them to maintain, or at DEFENDANT's retail offices, primarily by and through

telephone, internet and direct mail initiated sales communications, as well as loan officer and customer referrals, the PLAINTIFFS and the other CLASS members do not fit within the definition of an exempt "outside salesperson." 29 C.F.R. § 541.502 provides in relevant part:

> An outside sales employee must be customarily and regularly engaged "away from the employer's place or places of business." The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.

89. During the CLASS PERIOD, the PLAINTIFFS and the other CLASS members worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked hours on the seventh (7th) consecutive day of a workweek.

90. At all relevant times, DEFENDANT failed to pay the PLAINTIFFS and the other CLASS members overtime compensation for the hours they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFFS and the other CLASS members were regularly required to work, and did in fact work, uncompensated hours, hours compensated at less than minimum wage, and overtime hours that DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed by employees.

91. By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFFS and the other CLASS members for their overtime hours, the PLAINTIFFS and the other CLASS members have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

92. DEFENDANT knew or should have known that the PLAINTIFFS and the other CLASS members were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for

1  their overtime labor as a matter of uniform, corporate policy, practice and procedure.

2      93.    Therefore, the PLAINTIFFS and the other CLASS members

3  request recovery of overtime compensation according to proof, interest, costs, as well as the

4  assessment of any statutory penalties against DEFENDANT, in a sum as provided by the

5  California Labor Code and/or other statutes.  To the extent overtime compensation is

6  determined to be owed to the CLASS members who have terminated their employment,

7  these employees would also be entitled to waiting time penalties under Cal. Lab. Code §

8  203, which penalties are sought herein.  Further, the PLAINTIFFS and the other CLASS

9  members are entitled to seek and recover statutory costs.

10      94.    In performing the acts and practices herein alleged in violation of labor laws

11  and refusing to provide the requisite overtime compensation, DEFENDANT acted and

12  continues to act intentionally, oppressively, and maliciously toward the PLAINTIFFS, and

13  toward the other CLASS members, with a conscious and utter disregard of their legal rights,

14  or the consequences to them, and with the despicable intent of depriving them of their

15  property and legal rights and otherwise causing them injury in order to increase corporate

16  profits at the expense of the CLASS.

17

18                     **THIRD CAUSE OF ACTION**

19        **For Failure to Provide Accurate Itemized Wage Statements**

20                    **[Cal. Lab. Code § 226]**

21      **(By PLAINTIFFS and the CLASS and Against All Defendants)**

22      95.    PLAINTIFFS and the other CLASS members reallege and

23  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 94 of

24  this Complaint.

25      96.    Cal. Lab. Code § 226 provides that an employer must furnish employees

26  with an "accurate itemized" statement in writing showing:

27      (1) gross wages earned,
    (2) total hours worked by the employee, except for any employee whose

28  compensation is solely based on a salary and who is exempt from payment of
overtime under subdivision (a) of Section 515 or any applicable order of the

Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

97.     At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFFS and the other CLASS members at the effective regular rates of pay and the effective overtime rates of pay.

98.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the PLAINTIFFS and the other CLASS members. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the PLAINTIFFS and the other CLASS members may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the PLAINTIFFS and each respective CLASS member herein).

## FOURTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFFS and the CLASS and Against All Defendants)

99.     PLAINTIFFS and the other CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 98 of this

1  Complaint.

2       100.   Cal. Lab. Code § 2802 provides, in relevant part, that:

3             An employer shall indemnify his or her employee for all necessary expenditures
              or losses incurred by the employee in direct consequence of the discharge of his
4             or her duties, or of his or her obedience to the directions of the employer, even
              though unlawful, unless the employee, at the time of obeying the directions,
5             believed them to be unlawful.

6       101.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

7  failing to indemnify and reimburse the PLAINTIFFS and the other CLASS members for

8  required expenses incurred in the discharge of their duties for DEFENDANT.  These expenses

9  include, but are not limited to, home office expenses, including a printer, fax machine, internet,

10 phone, and other office related products; loan processing rush fees, marketing charges, loan

11 appraisal overages, and other chargebacks; and allowables under DEFENDANT's "All

12 Inclusive Plan."  DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver

13 of this expectation and any waiver is void under Labor Code §2804.  DEFENDANT failed to

14 indemnify and reimburse the CLASS members for these expenses as an employer is required

15 to do under the laws and regulations of California.

16      102.   PLAINTIFFS and the other CLASS members were forced by the

17 expectation of DEFENDANT and DEFENDANT's unwritten policy to contribute to

18 DEFENDANT's business expenses, which expenses must be refunded by DEFENDANT to

19 each CLASS member.

20      103.   Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post

21 judgment rate of ten percent (10%) simple interest per annum from the date of the expenditure,

22 plus attorneys' fees to collect reimbursement.

23      104.   PLAINTIFFS therefore demand reimbursement for expenditures or losses

24 incurred by them and the other CLASS members in the discharge of their job duties for

25 DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the

26 statutory rate and costs under Cal. Labor Code § 2802.

27

28

## FIFTH CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### [Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*]

### (By PLAINTIFF and the COLLECTIVE CLASS and Against All Defendants)

105.    PLAINTIFFS and the other COLLECTIVE CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 104 of this Complaint.

106.    DEFENDANT is engaged in communication, business, and transmission between the states and is therefore engaged in commerce within the meaning of 29 U.S.C. § 203(b).

107.    PLAINTIFFS further bring the Fifth Cause of Action on behalf of a Collective Class in accordance with 29 U.S.C. § 216 which consists of DEFENDANT's Loan Officers employed in California by DEFENDANT during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court, and who performed work in excess of forty (40) hours in a workweek (the "COLLECTIVE CLASS").

108.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

109.    29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

110.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.]

except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

111. DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFFS and the other COLLECTIVE CLASS members who worked on the production side of DEFENDANT's business enterprise. This was done in an illegal attempt to avoid the payment of overtime wages and other benefits in violation of the Fair Labor Standards Act and Code of Federal Regulations requirements.

112. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the PLAINTIFF and the other COLLECTIVE CLASS members are entitled to overtime compensation for all overtime hours actually worked at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek. DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

113. 29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

114. The exemptions of the FLSA as listed in Section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFFS and the other COLLECTIVE CLASS members because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. COLLECTIVE CLASS members either do not hold an advanced degree, have not taken any prolonged course of

1  specialization, and/or have attained the vast majority of the skills they use as employees of

2  DEFENDANT from on-the-job training.

3       115.  For an employee to be exempt as a bona fide "commissioned salesperson," all

4  the following criteria must be met and DEFENDANT has the burden of proving that:

5       (a)    The employee's primary duty must be making sales as defined to include any

6              sale, exchange, contract to sell, consignment sale, shipment for sale, or other

7              disposition; or

8       (b)    The employee must obtain orders or contracts for services or for the use of

9              facilities for which a consideration will be paid by the client or customer; and,

10       (c)    The employee's earnings must be exceed one and one-half times the minimum

11              wage; and,

12       (d)    The employee must earn more than half of their compensation from bona fide

13              sales commissions; and,

14       (e)    The employee must be primarily engaged in duties which meet the test of

15              exemption; and,

16       (f)    The employee must be employed by a "retail or service establishment" within

17              the meaning of 29 U.S.C. §207(i).

18  No member of the COLLECTIVE CLASS was or is an inside salesperson or commissioned

19  salesperson because they all fail to meet the requirements of being a "commissioned

20  salesperson" within the meaning of the FLSA.  Finance and loan companies, such as

21  Defendant, are expressly excluded from the definition of "retail and service" establishment

22  by 29 C.F.R. § 779.317.

23       116.  For an employee to be exempt as a bona fide "outside salesperson," all the

24  following criteria must be met and DEFENDANT has the burden of proving that:

25       (a)    The employee's primary duty must be making sales as defined to include any

26              sale, exchange, contract to sell, consignment sale, shipment for sale, or other

27              disposition; or

28       (b)    The employee must obtain orders or contracts for services or for the use of

1             facilities for which a consideration will be paid by the client or customer; and,

2     (c)     The employee must customarily and regularly spend more than half the work

3             time away from the employer's place of business engaged in sales-related

4             activity; and,

5     (d)     The employee must be primarily engaged in duties which meet the test of

6             exemption.

7 No member of the COLLECTIVE CLASS was or is an outside salesperson because they all

8 fail to meet the requirements of being an "outside salesperson" under Section 13 of the

9 FLSA and 29 C.F.R. 541.500, *et seq.*

10     117. . For an employee to be exempt as a bona fide "executive," all the following

11 criteria must be met and DEFENDANT has the burden of proving that:

12     (a)     The employee must be compensated on a salary basis;

13     (b)     The employee's primary duty must be management of the enterprise, or of a

14             customarily recognized department or subdivision;

15     (c)     The employee must customarily and regularly direct the work of at least two

16             (2) or more other employees;

17     (d)     The employee must have the authority to hire and fire, or to command

18             particularly serious attention to his or his recommendations on such actions

19             affecting other employees; and,

20     (e)     The employee must be primarily engaged in duties which meet the test of

21             exemption.

22 No member of the COLLECTIVE CLASS was or is an executive because they all fail to

23 meet the requirements of being an "executive " under Section 13 of the FLSA and 29 C.F.R.

24 541.100. The members of the COLLECTIVE CLASS are not compensated on a salary

25 basis.

26     118.    For an employee to be exempt as a bona fide "administrator,"all of the

27 following criteria must be met and DEFENDANT has the burden of proving that:

28     (a)     The employee must be compensated on a salary basis;

(b)   The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(c)   The employee must customarily and regularly exercise discretion and independent

judgment with respect to matters of significance; and,

(d)   The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(e)   The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(f)   The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under Section 13 of the FLSA and 29 C.F.R. 541.300. The members of the COLLECTIVE CLASS are not compensated on a salary basis.

119.   For an employee to be exempt as a bona fide "professional", DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

(a)   The employee must be compensated on a salary basis; and,

(b)   Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(c)   Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" under Section 13 of the FLSA and 29 C.F.R. 541.300. The members of the COLLECTIVE CLASS are not compensated on a

1   salary basis.

2       120.   During the COLLECTIVE CLASS PERIOD, the PLAINTIFFS and the other

3   COLLECTIVE CLASS members worked more than forty (40) hours in a workweek.

4       121.   At all relevant times, DEFENDANT failed to pay the PLAINTIFFS and the

5   other COLLECTIVE CLASS members overtime compensation for the hours they worked in

6   excess of the maximum hours permissible by law as required by Section 207 of the FLSA,

7   even though the PLAINTIFFS and the other COLLECTIVE CLASS members were

8   regularly required to work, and did in fact work, overtime hours.

9       122.   For purposes of the FLSA, the employment practices of DEFENDANT were

10  and are uniform throughout California in all respects material to the claims asserted in this

11  Complaint.

12      123.   There are no other exemptions applicable to the PLAINTIFFS and/or to the

13  other COLLECTIVE CLASS members.

14      124.   As a result of DEFENDANT's failure to pay overtime compensation for

15  overtime hours worked, as required by the FLSA, the PLAINTIFFS and the other

16  COLLECTIVE CLASS members were damaged in an amount to be proven at trial.

17      125.   Therefore, the PLAINTIFFS demand that they and the other COLLECTIVE

18  CLASS members be paid overtime compensation as required by the FLSA for every hour of

19  overtime worked and the amount of their unpaid minimum wages, and an additional equal

20  amount as liquidated damages, plus interest and statutory costs as provided by law.

21

22                              **PRAYER**

23      WHEREFOR, the PLAINTIFFS pray for judgment against each Defendant, jointly

24  and severally, as follows:

25  1.      On behalf of the CLASS:

26      A)     That the Court certify the First, Second, Third and Fourth Causes of Action

27             asserted by the CLASS as a Class Action pursuant to California Code of Civil

28             Procedure, Section 382;

B) An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfuly withheld from compensation due PLAINTIFFS and the CLASS;

C) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due PLAINTIFFS and the CLASS according to proof;

D) Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFFS and the CLASS members, during the applicable CLASS PERIOD, plus interest thereon at the statutory rate;

E) The wages of all terminated employees in the CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

F) The greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00), and an award of costs for violation of Cal. Lab. Code § 226.

2. On behalf of the COLLECTIVE CLASS:

A) That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

B) Issue a declaratory finding that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act; and

C) That the PLAINTIFFS and the other COLLECTIVE CLASS members recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

3. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) An award of penalties and cost of suit, as allowable under the law. Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

C) Such other and further relief as the Court deems just and equitable.

Dated: July 25, 2011

BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____

Norman B. Blumenthal
Attorneys for Plaintiffs

1

## **DEMAND FOR JURY TRIAL**

2        PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4   Dated:  July 25, 2011         BLUMENTHAL, NORDREHAUG & BHOWMIK

5                     By:_____

6                        Norman B. Blumenthal
                        Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Norman B. Blumenthal   (Bar # 68687)
Kyle Nordrehaug   (Bar # 205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037

TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232
ATTORNEY FOR (Name): Plaintiffs North and Dunn

F I L E D
CIVIL BUSINESS OFFICE 2
CENTRAL DIVISION

2011 JUL 25   AM 9: 27

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
NORTH v. GUARANTEED RATE, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2011-00094974-CU-OE-CTL |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): FIVE (5)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 25, 2011

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7000 | |

PLAINTIFF(S) / PETITIONER(S):  Venetia North et.al.

DEFENDANT(S) / RESPONDENT(S):  Guaranteed Rate Inc

NORTH VS. GUARANTEED RATE INC

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2011-00094974-CU-OE-CTL |
|---|---|

Judge:  Lisa Foster                                    Department: C-60

**COMPLAINT/PETITION FILED:** 07/26/2011

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.)  (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2011-00094974-CU-OE-CTL      CASE TITLE: North vs. Guaranteed Rate Inc

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## <u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## <u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Venetia North et.al. | |
|---|---|
| DEFENDANT(S): Guaranteed Rate Inc | |
| SHORT TITLE: NORTH VS. GUARANTEED RATE INC | |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2011-00094974-CU-OE-CTL |
|---|---|

Judge: Lisa Foster              Department: C-60

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)       ☐ Non-binding private arbitration

☐ Mediation (private)       ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____           Date: _____

Name of Plaintiff                   Name of Defendant

Signature                      Signature

Name of Plaintiff's Attorney            Name of Defendant's Attorney

Signature                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 07/26/2011

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

3

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **LAW OFFICES OF MARK A. OSMAN**
6   Mark A. Osman (State Bar #117455)
   401 West A Street, 17th Floor
7  San Diego, CA
   Telephone: (619) 232-8862
8  Facsimile: (619) 231-3480
9  Attorneys for Plaintiffs
10
            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
            **IN AND FOR THE COUNTY OF SAN DIEGO**
12
13
14  VENETIA NORTH and CHRISTAL        CASE No. **37-2011-00094974-CU-OE-CTL**
    DUNN, individuals, on behalf of
15  themselves and all persons similarly   **CLASS ACTION**
    situated,
16
                                          PROOF OF SERVICE
17           Plaintiffs,
18  vs.
19  GUARANTEED RATE, INC., a
    Delaware Corporation; and DOES 1
20  through 50, inclusive,
                                          Action Filed:  July 26, 2010
21           Defendant.
22
23
24
25
26
27
28                               1
                         PROOF OF SERVICE
                              CASE No. 37-2011-00094974-CU-OE-CTL

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

3          I, Piya Mukherjee, am employed in the County of San Diego, State of California. I am over the
      age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla,
4    California 92037.

5          On September 2, 2011, I served the document(s) described as:

6
      **(1)    FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**
7

8    _X_    (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be placed in
             the United States mail at San Diego, California. I am readily familiar with this firm's business
9            practice for collection and processing of correspondence for mailing with the U.S. Postal
             Service pursuant to which practice the correspondence will be deposited with the U.S. Postal
10           Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

11

12           GUARANTEED RATE, INC.
             CSC - Lawyers Incorporating Service
13           2730 Gateway Oaks Dr. Suite 100
             Sacramento, CA 95833
14

15   ____   (FEDERAL EXPRESS): I caused the above-described document to be delivered via
             overnight delivery (Federal Express), by placing a copy in a separate FEDERAL EXPRESS
16           mailer and attaching a completed Federal Express air bill, with Standard Overnight
             delivery/Priority Delivery requested, and caused said mailer to deposited in the Federal
17           Express collection box at San Diego, California.

18   _X_    (State): I declare under penalty of perjury under the laws of the State of California that the
             above is true and correct.
19

20           Executed on September 2, 2011, at La Jolla, California.

21

22                                                              Piya Mukherjee

23           \\SERVER4\data\D\NBB\Guaranteed Rate-North\p-pos-FAC.wpd

24

25

26

27

28

---
2
PROOF OF SERVICE

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

**LAW OFFICES OF MARK A. OSMAN**
  Mark A. Osman (State Bar #117455)
401 West A Street, 17th Floor
San Diego, CA
Telephone: (619) 232-8862
Facsimile: (619) 231-3480

Attorneys for Plaintiffs

CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION

2011 SEP -6  A 11: 02

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| VENETIA NORTH and CHRISTAL DUNN, individuals, on behalf of themselves and all persons similarly situated,<br><br>         Plaintiffs,<br><br>vs.<br><br>GUARANTEED RATE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>         Defendant. | CASE No. **37-2011-00094974-CU-OE-CTL**<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *et seq.*;<br>2.  FAILURE TO PAY MINIMUM WAGES & OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194, 1197, 1197.1 & 1198;<br>3.  FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>4.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br>5.  FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*<br>6.  LABOR CODE PRIVATE ATTORNEY GENERAL ACT [LABOR CODE §§ 2698, *et seq.*]<br><br>**DEMAND FOR A JURY TRIAL** |

1    Plaintiffs Venetia North and Christal Dunn ("PLAINTIFFS"), individuals, on behalf of
2    themselves and all other similarly situated current and former employees, allege on information
3    and belief, except for their own acts and knowledge which are based on personal knowledge,
4    the following:
5
6                              **INTRODUCTION**
7        1.    This is a Class Action brought on behalf of the PLAINTIFFS and on behalf of
8    the proposed classes who worked for Defendant Guaranteed Rate, Inc. ("GUARANTEED
9    RATE" or "DEFENDANT") in California.  These employees were denied minimum and
10   overtime wages as required by federal and state wage and hour laws and seek to recover
11   these wages for the period beginning of the date four (4) years before the filing of this
12   Action and ending on the date as determined by the Court (the "CLASS PERIOD").
13       2.    The CLASS is made up of all persons who were employed by Defendant
14   Guaranteed Rate, Inc. as a "Mortgage Loan Officer," "Loan Officer," "VP of Mortgage
15   Lending," "Senior Mortgage Consultant" and other similar job titles (collectively, the "Loan
16   Officers"), at any time during the applicable CLASS PERIOD.
17
18                           **FACTUAL BACKGROUND**
19       3.    Plaintiff Venetia North ("PLAINTIFF") was employed by DEFENDANT in
20   San Diego, California as a "Mortgage Loan Officer" and "VP of Mortgage Lending" from
21   July 2008 to January 2011.  PLAINTIFF was responsible for selling mortgage loan products
22   to customers out of her home office which DEFENDANT required her to maintain but did
23   not pay for.  PLAINTIFF conducted sales from her home office more than half her working
24   time and only occasionally met with clients outside of her home office.  PLAINTIFF was
25   paid a percentage of the yield spread premium paid to DEFENDANT which is based on a
26   percentage of the profit obtained by DEFENDANT from the sale of a loan.  As a result,
27   there were many pay periods during which the PLAINTIFF received less than minimum
28

1   wage or no compensation because she did not make any sales and/or was not paid all earned

2   wages on loans that she originated. PLAINTIFF regularly worked at least five (5) days a

3   week and ten (10) hours a day. PLAINTIFF began work early in the morning and worked

4   into the evenings and on the weekends, causing her hours worked to regularly exceed forty

5   (40) in a workweek. Further, DEFENDANT was aware that she was working overtime

6   because DEFENDANT's supervisors were often in the office working at the same time and

7   received notifications and reviewed records and logs which documented many of the tasks

8   the PLAINTIFF completed each day. Throughout her employment, PLAINTIFF incurred

9   deductions from her wages for loan processing rush fees and marketing charges on loans

10  that she had already earned compensation and which she was also not reimbursed.

11  Additionally, PLAINTIFF received no compensation for work performed from August 2010

12  to January 2011 and still has not received any compensation for loans she originated prior to

13  her termination.

14      4.      Plaintiff Christal Dunn ("PLAINTIFF") was employed by DEFENDANT in

15  California as a "Mortgage Loan Officer" and "VP of Mortgage Lending" from August 2008

16  to November 2010. PLAINTIFF was responsible for selling mortgage loan products to

17  customers out of DEFENDANT's retail office in Long Beach. PLAINTIFF conducted sales

18  from her office more than half her working time and only occasionally met with clients

19  outside of her office. PLAINTIFF was paid a percentage of the yield spread premium paid

20  to DEFENDANT which is based on a percentage of the profit obtained by DEFENDANT

21  from the sale of a loan. As a result, there were pay periods during which the PLAINTIFF

22  received less than minimum wage or no compensation because she did not make any sales

23  and/or was not paid all earned wages on loans that she originated. PLAINTIFF regularly

24  worked at least five (5) days a week and ten (10) hours a day. PLAINTIFF began work

25  early in the morning and worked into the evenings and on the weekends, causing her hours

26  worked to regularly exceed forty (40) in a workweek. Further, DEFENDANT was aware

27  that she was working overtime because DEFENDANT's supervisors were often in the office

28  working at the same time and received notifications and reviewed records and logs which

1  documented many of the tasks the PLAINTIFF completed each day. Throughout her

2  employment, PLAINTIFF incurred deductions from her wages for loan processing rush fees,

3  marketing charges, loan appraisal overages, and other related chargebacks, and for

4  allowables under DEFENDANT's "All Inclusive Plan" on loans that she had already earned

5  compensation and which she was also not reimbursed. Additionally, PLAINTIFF has still

6  not received all earned wages on loans that she originated prior to her voluntary termination

7  on November 12, 2010.

8

9  **GENERAL ALLEGATIONS**

10      5.    Loan Officers are engaged in the core, day-to-day production activity of

11  DEFENDANT of promoting and selling mortgage loan products to customers which is work

12  directly related to the goods and services that constitute a financial service company's

13  marketplace offerings. Section 13 of the Fair Labor Standards Act ("FLSA") and Title 29 of

14  the Code of Federal Regulations ("C.F.R.") Sections 541, *et seq.*, set forth the requirements

15  which must be satisfied in order for an employee to be lawfully classified as exempt

16  pursuant to the "outside salesperson" exemption. Pursuant to 29 C.F.R. 541.502 and

17  California law, an outside sales employee must be customarily and regularly engaged and/or

18  spend more than half of his/her working time "away from the employer's place of business"

19  actually selling items or obtaining orders or contracts for products and/or services.

20      "Outside sales does not include sales made by mail, telephone, or the Internet unless
    such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether

21      home or office, used by a salesperson as a headquarters or for telephonic solicitation
    of sales is considered one of the employer's places of business, even the employer is

22      not in any formal sense the owner or tenant of the property."

23  29 C.F.R. 541.502.

24      6.    DEFENDANT requires the Loan Officers to perform these day-to-day

25  production financial services sales activities at their home offices, or at DEFENDANT's

26  retail offices primarily by and through telephone, internet and direct mail initiated sales. As

27  a result, the Loan Officers are engaged in a type of work that falls outside the scope of the

28  "outside salesperson" exemption, and should therefore have been properly paid all earned

1   wages including minimum and overtime compensation. Specifically, Plaintiff Venetia North
2   worked in her home office in San Diego conducting sales more than half her working time
3   and did not perform sales work outside of her home office for purposes of the "outside
4   salesperson" exemption. Plaintiff Christal Dunn worked at DEFENDANT's retail office
5   location in Long Beach conducting sales more than half her working time and did not
6   perform sales work outside of DEFENDANT's office. As a result, the PLAINTIFFS do not
7   qualify as outside sales employees under the "outside salesperson" exemption set forth in 29
8   C.F.R. 541.502 and under California law.

9       7.      Section 13 of the FLSA and Title 29 of the C.F.R. set forth the requirements
10  which must be satisfied in order for an employee to be lawfully classified as exempt
11  pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term
12  "retail or service establishment" as used in the Act "does not encompass establishments in
13  industries lacking a retail concept." Such establishments not having been traditionally
14  regarded as retail or service establishments, such a loan or finance companies, can not under
15  any circumstance qualify as a "retail or service establishment" within the statutory definition
16  of the Act." PLAINTIFFS and the Loan Officers are not exempt under Section 13 of the
17  FLSA or the provisions of 29 C.F.R. 541, *et seq.* because DEFENDANT is a financial
18  services company which does not qualify as a "retail or service establishment" pursuant to
19  29 C.F.R. 779.317, and therefore the PLAINTIFFS and the Loan Officers do not qualify for
20  the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i) as a matter of law.
21  DEFENDANT's conduct as herein alleged was willful and not in good faith, and
22  DEFENDANT had no reasonable grounds for believing that the alleged conduct was not a
23  violation of the FLSA.

24      8.      PLAINTIFFS and the other Loan officers were also compensated, in whole,
25  based on a percentage of the profit obtained by DEFENDANT from the sale of mortgage
26  loan products to customers. Cal. Lab. Code § 204.1 requires that in order for a
27  compensation scheme to be deemed to constitute "commission wages," the amount of
28  compensation must be a percent of the price of the product or service. DEFENDANT's

1   compensation scheme is therefore not a lawful compensation plan because the

2   PLAINTIFFS' and the other Loan Officers' compensation was not based on a percentage of

3   the price of the product or service sold as required by Cal. Lab. Code § 204.1.

4        9.     California Code of Regulations Section 11040(3)(A) provides that the

5   provisions of subsections (A), (B) and (C) [of the Wage Order] shall not apply to any

6   employee whose earnings exceed one and one-half (1 ½) times the minimum wage if more

7   than half of that employee's compensation represents commissions. PLAINTIFFS and the

8   other Loan Officers were not paid a bona fide commission, and were therefore not exempt

9   from the requirement that they be paid overtime. Further, employees who are paid pursuant

10   to the pay structure outlined by Cal. Code of Regs. § 11040(3) would only be exempt from

11   the provisions of subsections (A), (B) and (C), which govern the payment of overtime.

12   Nothing in this limited exemption, however, relieves an employer from the obligations of:

13        (a)     California Code of Regulations § 11040(4), which requires employers to pay

14                  at least minimum wage to employees;

15        (b)     California Code of Regulations § 11040(7), which requires employers to

16                  provide accurate itemized wage statements to employees;

17        (c)     California Code of Regulations § 11040(11), which requires employers to

18                  provide meal periods to employees; or

19        (d)     California Code of Regulations § 11040(12), which requires employers to

20                  provide rest periods to employees.

21        10.     DEFENDANT also failed to pay the PLAINTIFFS and the other Loan

22   Officers for all earned wages, including but not limited to, unpaid wages promised to be paid

23   on loans originated by the these employees. As part of DEFENDANT's unlawful

24   compensation scheme, in order to receive earned wages for work performed, DEFENDANT

25   also requires these employees to remain an employee after the point in time that the wages

26   are earned. This compensation plan that requires the Loan Officers to forfeit earned wages

27   for failing to remain an employee after the wages are earned is an unlawful restraint on the

28   Loan Officers' mobility to move from job to job. DEFENDANT's compensation plan goes

1  far beyond what is necessary to protect its legitimate interests resulting in a situation where

2  the opportunity of the Loan Officers to seek other employment is thereby unlawfully

3  restricted. California law ensures that every citizen shall retain the right to pursue any

4  lawful employment and enterprise of their choice, while also protecting the legal right of

5  persons to engage in businesses and occupations of their choosing. DEFENDANT's

6  compensation scheme denying payment of earned wages for work performed by the

7  PLAINTIFFS and the Loan Officers is therefore a de facto unenforceable penalty provision

8  which results in an unlawful forfeiture of earned compensation, divests compensation from

9  these employees, and is unconscionable within the meaning of Cal. Lab. Code § 1670.5.

10     11.    DEFENDANT also unlawfully made deductions for business expenses and

11  overhead from the wages of the PLAINTIFFS and the other Loan Officers wages previously

12  paid and/or earned. Cal. Lab. Code § 221 provides that it shall be unlawful for any

13  employer to collect or receive from an employee any part of wages theretofore paid by said

14  employer to said employee. DEFENDANT deducted from the PLAINTIFFS' and the other

15  Loan Officers' wages amounts for loan processing rush fees, marketing charges, loan

16  appraisal overages, and other related chargebacks on loans which the PLAINTIFFS and the

17  other Loan Officers had already earned compensation. DEFENDANT therefore collected or

18  received from the PLAINTIFFS and the other Loan Officers a part of wages theretofore paid

19  by an employer to its employees in violation of Cal. Lab. Code § 221.

20     12.    After deducting earned wages from the payments made by DEFENDANT to

21  the PLAINTIFFS and the other Loan Officers, and failing to pay them compensation for all

22  earned wages, the PLAINTIFFS and the other Loan Officers earned less than minimum

23  wage required for all hours worked, or no compensation at all.

24     13.    DEFENDANT also failed to provide the PLAINTIFFS and the other Loan

25  Officers with complete and accurate wage statements which failed to show, among other

26  things, gross overtime pay and the true number of hours worked. Cal. Lab. Code § 226

27  provides that every employer shall furnish each of his or her employees with an accurate

28  itemized wage statement in writing showing, among other things, gross wages earned and all

1  applicable hourly rates in effect during the pay period and the corresponding number of

2  hours worked at each hourly rate.  As a result, DEFENDANT provided the PLAINTIFFS

3  and the other Loan Officers with wage statements which violate Cal. Lab. Code § 226, and

4  also violate Wage Order No. 4 by failing to maintain time records showing when work

5  begins and ends for each employee.

6      14.   DEFENDANT also failed to indemnify and reimburse the PLAINTIFFS and

7  the other Loan Officers for required expenses incurred in the discharge of their duties for

8  DEFENDANT.  Cal. Lab. Code § 2802 provides that "an employer shall indemnify his or

9  her employee for all necessary expenditures or losses incurred by the employee in direct

10  consequence of the discharge of his or her duties, or of his or her obedience to the directions

11  of the employer, even though unlawful, unless the employee, at the time of obeying the

12  directions, believed them to be unlawful." DEFENDANT failed to reimburse the

13  PLAINTIFFS and the other Loan Officers with home office expenses, including a printer,

14  fax machine, internet, phone, and other office-related products; expenses for loan processing

15  rush fees, marketing charges, loan appraisal overages, and other chargebacks; and for

16  allowables under DEFENDANT's "All Inclusive Plan" in violation of Cal. Lab. Code §

17  2802.

18      15.   The Loan Officer positions were represented by DEFENDANT to the

19  PLAINTIFFS and the other members of the CLASS as exempt and compensated solely

20  based on a percentage of the profit obtained by DEFENDANT.

21      16.   For DEFENDANT's business, the CLASS members functioned as working

22  members in DEFENDANT's retail loan division.  As defined by DEFENDANT's

23  comprehensive corporate policies, practices and procedures, the CLASS members employed

24  by DEFENDANT were at all times required to perform the day-to-day production financial

25  services sales activities in the promoting and selling of mortgage loan products to customers

26  in accordance with DEFENDANT's uniform policies, practices, procedures and operations

27  which govern and control every aspect of the work performed by the Loan Officers.  These

28  standardized procedures mirror the realities of the workplace evidencing a uniformity of

1  work among the Loan Officers and negate any exercise of discretion and independent

2  judgment as to matters of significance.

3      17.    The work schedule for the Loan Officers was set by DEFENDANT.

4  Generally, the CLASS members work ten (10) to fourteen (14) hours each workday and ten

5  (10) to twenty (20) hours of overtime each workweek.

6      18.    DEFENDANT has not established an alternative workweek election for the

7  CLASS members for ten (10) to fourteen (14) hour workdays.

8      19.    PLAINTIFFS and the other Loan Officers were not provided with minimum

9  wages, overtime compensation and other benefits required by law as a result of being

10  misclassified as "exempt" by DEFENDANT.

11     20.    As a matter of company policy, practice and procedure, DEFENDANT has

12  unlawfully, unfairly and/or deceptively classified every Loan Officer as exempt based on job

13  title alone, failed to pay required minimum wages and overtime compensation, and

14  otherwise failed to comply with all applicable labor laws with respect to these Loan

15  Officers.

16

17                          **THE PARTIES**

18     21.    Plaintiff Venetia North resides in San Diego, California and was employed by

19  DEFENDANT in San Diego as a Loan Officer from July 2008 to January 2011.

20     22.    Plaintiff Christal Dunn resides in Long Beach, California and was employed

21  by DEFENDANT in Long Beach as a Loan Officer from August 2008 to November 2011.

22     23.    Defendant Guaranteed Rate, Inc., a Delaware corporation, was formerly

23  known as Guaranteed Rate.com, Inc. and changed its name in December 2000.  Guaranteed

24  Rate, Inc. was incorporated in 1999 under the laws of the State of Delaware, with its

25  principal place of business in Chicago, Illinois.  At all relevant times mentioned herein,

26  Guaranteed Rate, Inc. hereinafter also referred to as "GUARANTEED RATE" or

27  "DEFENDANT" conducted and continues to conduct substantial and regular business

28  throughout California operating nine (9) locations throughout the state.

1    24.    DEFENDANT's business is providing financial services throughout

2  the United States. The company offers home loans, new purchase loans, refinancing loans,

3  debt consolidations, and also provides mortgage refinance and purchase products, such as

4  interest-only loans and reverse mortgages.

5    25.    The true names and capacities, whether individual, corporate, associate or

6  otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently

7  unknown to the PLAINTIFFS who therefore sue these Defendants by such fictitious names

8  pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS are informed and believe, and based

9  thereon, allege that each of the Defendants designated herein is legally responsible in some

10  manner for the unlawful acts referred to herein. PLAINTIFFS will seek leave of Court to

11  amend this Complaint to reflect the true names and capacities of the Defendants when they

12  have been ascertained and become known.

13    26.    The agents, servants and/or employees of the Defendants and each of them

14  acting on behalf of the Defendants acted within the course and scope of his, her or its

15  authority as the agent, servant and/or employee of the Defendants, and personally

16  participated in the conduct alleged herein on behalf of the Defendants with respect to the

17  conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to

18  the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFFS

19  and the other CLASS members, for the loss sustained as a proximate result of the conduct of

20  the Defendants' agents, servants and/or employees.

21

22                              **JURISDICTION AND VENUE**

23    27.    This Court has jurisdiction over this Action pursuant to California Code of

24  Civil Procedure, Section 410.10 and California Business & Professions Code, Section

25  17203. This Action is brought as a Class Action on behalf of similarly situated employees

26  of Defendant Guaranteed Rate, Inc. pursuant to California Code of Civil Procedure, Section

27  382.

28    28.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

1  Sections 395 and 395.5, because Plaintiff Venetia North resides in this County and

2  DEFENDANT (i) currently maintains and at all relevant times maintained offices and

3  facilities in this County and/or conducts substantial business in this County, and (ii)

4  committed the wrongful conduct herein alleged in this County against members of the

5  CLASS.

6

7  ### THE CONDUCT

8      29.    The primary job duty required of the CLASS members as defined by

9  DEFENDANT is executed by the CLASS members through the performance of non-exempt

10  production labor within a defined skill set.

11      30.    Although the PLAINTIFFS and the other CLASS members primarily

12  performed non-exempt production labor, DEFENDANT instituted a blanket classification

13  policy, practice and procedure by which all of these CLASS members were classified as

14  exempt from compensation for all hours worked, overtime compensation, and meal breaks

15  and rest breaks. By reason of this uniform exemption policy, practice and procedure

16  applicable to the PLAINTIFFS and the other CLASS members who performed this non-

17  exempt labor, DEFENDANT committed acts of unfair competition in violation of the

18  California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

19  engaging in a company-wide policy, practice and procedure which failed to properly classify

20  the PLAINTIFFS and the other CLASS members and thereby failed to pay them wages for

21  all hours worked, overtime wages for overtime hours worked, and provide them with meal

22  and rest breaks. The proper classification of these employees is DEFENDANT's burden. As

23  a result of DEFENDANT's intentional disregard of the obligation to meet this burden,

24  DEFENDANT failed to pay all required compensation for all hours worked by the

25  PLAINTIFFS and the other CLASS members and violated the California Labor Code and

26  regulations promulgated thereunder as herein alleged. In addition, DEFENDANT failed to

27  provide all legally required off-duty meal and rest breaks to the PLAINTIFFS and the other

28  CLASS members as required by the applicable Wage Order and Labor Code.

1   DEFENDANT did not have a policy or practice which provided meal and rest breaks to the

2   PLAINTIFFS and the other CLASS members. As a result, DEFENDANT's failure to

3   provide the PLAINTIFFS and the other CLASS members with all legally required meal and

4   rest breaks is evidenced by DEFENDANT's business records which contain no record of

5   these breaks. In addition, DEFENDANT also failed to indemnify and reimburse the

6   PLAINTIFFS and the other CLASS members for expenses incurred in the discharge of their

7   duties for DEFENDANT.

8        31.    DEFENDANT, as a matter of law, has the burden of proving that (a)

9   employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

10  with applicable laws. Other than the initial classification of the PLAINTIFFS and the other

11  CLASS members as exempt from being paid overtime based on job title alone,

12  DEFENDANT had no business policy, practice or procedure to ensure that the PLAINTIFFS

13  and the other CLASS members were properly classified as exempt, and in fact, as a matter

14  of corporate policy erroneously and unilaterally classified all the CLASS members as

15  exempt based on job title alone.

16       32.    During their employment with DEFENDANT, the PLAINTIFFS and the other

17  CLASS members primarily performed non-exempt job duties in non-exempt positions, but

18  were nevertheless classified by DEFENDANT as exempt from overtime pay and worked

19  more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th)

20  consecutive day of a workweek.

21       33.    PLAINTIFFS and the other CLASS members employed by DEFENDANT

22  were not primarily engaged in work of a type that was or now is directly related to the

23  management or general business operation of the employer's customers, when giving these

24  words a fair but narrow construction. PLAINTIFFS and the other CLASS members

25  employed by DEFENDANT were also not primarily engaged in work of a type that was or

26  now is performed more than half of their working time away from the employer's place of

27  business. PLAINTIFFS and the other CLASS members employed by DEFENDANT were

28  also not primarily engaged in work of a type that was or now is compensated from bona fide

1  sales commissions. PLAINTIFFS and the other CLASS members employed by
2  DEFENDANT were also not primarily engaged in work of a type that was or now is
3  performed at the level of the policy or management of DEFENDANT. PLAINTIFFS and
4  the other CLASS members employed by DEFENDANT were also not primarily engaged in
5  work requiring knowledge of an advanced type in a field or science or learning customarily
6  acquired by a prolonged course of specialized intellectual instruction and study, but rather
7  their work primarily involves the performance of routine mental, manual, and/or physical
8  processes. PLAINTIFFS and the other CLASS members employed by DEFENDANT were
9  also not primarily engaged in work that is predominantly intellectual and varied in character,
10 but rather is routine mental, manual, mechanical, and/or physical work that is of such
11 character that the output produced or the result accomplished can be standardized in relation
12 to a given period of time. The work of a Loan Officer of DEFENDANT was work wherein
13 the PLAINTIFFS and the other CLASS members were primarily engaged in the day-to-day
14 production financial services sales activities in promoting, selling and preparing mortgage
15 loan products to customers on the production side of DEFENDANT's business and in
16 accordance with DEFENDANT's strict company policies, practices and procedures.

17     34.    None of the Loan Officers employed by DEFENDANT were compensated on
18 a salary basis. As a result, the Loan Officer position does not qualify for a professional,
19 executive or professional exemption under state or federal law as a matter of law.

20     35.    The primary job duty of the PLAINTIFFS and the other CLASS members
21 employed by DEFENDANT was and is promoting, selling and preparing proprietary
22 mortgage loan products to customers by and through telephone, internet and direct mail
23 initiated sales. Loan Officers may be classified as exempt from California overtime as long
24 as these employees earn a bona fide sales commission and/or perform sales activities away
25 from the employer's locations. As a result of the CLASS members not being paid a bona
26 fide commission and not working away from the DEFENDANT's locations, the CLASS
27 members were and are engaged in work of a type that falls outside the scope of the
28 "commissioned salesperson" and "outside salesperson" exemptions, and should therefore

1  have been properly classified as non-exempt employees.

2       36.    DEFENDANT's company is a loan and finance company, and therefore is not
3  a "retail or service establishment" within the meaning of 29 U.S.C. §207(i).

4       37.    PLAINTIFFS and the other CLASS members were and are uniformly
5  classified and treated by DEFENDANT as exempt at the time of hire and thereafter,
6  DEFENDANT failed to take the proper steps to determine whether the PLAINTIFFS and
7  the other CLASS members were properly classified under the applicable Industrial Welfare
8  Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, et seq. as
9  exempt from applicable California labor laws.  Since DEFENDANT affirmatively and
10  wilfully misclassified the PLAINTIFFS and the other CLASS members in compliance with
11  California labor laws, DEFENDANT's practices violated and continue to violate California
12  law.  In addition, DEFENDANT acted deceptively by falsely and fraudulently telling the
13  PLAINTIFFS and each member of the CLASS that they were exempt from compensation
14  for all earned wages and overtime pay when DEFENDANT knew or should have known that
15  this statement was false and not based on known facts.  DEFENDANT also acted unfairly by
16  violating the California labor laws, and as a result of this policy and practice, DEFENDANT
17  also violated the UCL.  In doing so, DEFENDANT cheated the competition by paying the
18  CLASS less than the amount competitors paid who complied with the law and cheated the
19  CLASS by not paying them in accordance with California law.

20       38.    DEFENDANT also failed to provide and still fails to provide the
21  PLAINTIFFS and the other CLASS members with a wage statement in writing that
22  accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay
23  period and the corresponding number of hours worked at each hourly rate by the
24  PLAINTIFFS and the other CLASS members.  This conduct violates California Labor Code
25  § 226.  The pay stub also does not accurately display anywhere the PLAINTIFFS' and the
26  other CLASS members' overtime hours and applicable rates of overtime pay for the pay
27  period.

28       39.    By reason of this uniform conduct applicable to the PLAINTIFFS and the

1  other CLASS members, DEFENDANT committed acts of unfair competition in violation of

2  the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

3  engaging in a company-wide policy, practice and procedure which failed to correctly classify

4  the PLAINTIFFS and the other CLASS members as non-exempt. The proper classification

5  of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional

6  disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate

7  and/or pay all required compensation for work performed by the CLASS members and

8  violated the FLSA, the applicable Wage Order, the California Code of Regulations, the

9  California Labor Code and the regulations promulgated thereunder as herein alleged.

10       40.     DEFENDANT also committed acts of unfair competition in violation of the

11  California Unfair Competition law, Cal. Bus. & Prof. Code § 17200., by engaging in a

12  company-wide policy, practice and procedure which unlawfully provided for the forfeiture

13  of earned wages from the sale of mortgage loan products, including but not limited to,

14  unpaid compensation promised to be paid on loans originated by the PLAINTIFFS and the

15  other Loan Officers. DEFENDANT also unlawfully deducted from the wages of the

16  PLAINTIFFS and the other Loan Officers wages previously paid and/or earned, including

17  but not limited to, loan processing rush fees, marketing charges, loan appraisal overages, and

18  other related chargebacks in violation of Cal. Lab. Code § 221, and in turn, in violation of

19  Cal. Bus. & Prof. Code § 17200. After deducting earned wages from the payments made by

20  DEFENDANT to the PLAINTIFFS and the other Loan Officers and failing to pay them

21  compensation for all earned wages, the PLAINTIFFS and the other Loan Officers earned

22  less than minimum wage or no compensation required for all hours worked.

23

24                          **THE UCL REMEDIES**

25       41.     As a result of DEFENDANT's UCL violation, the PLAINTIFFS, on behalf

26  of themselves and the CLASS, seek restitutionary disgorgement of DEFENDANT's ill-

27  gotten gains into a fluid fund in order to provide restitution of all the money that

28  DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFFS and all the

1   other CLASS members.  PLAINTIFFS also seek all other relief available to them and the

2   other CLASS members located in California under California law.  PLAINTIFFS also seek

3   declaratory relief finding that the employment policies, practices and procedures of

4   DEFENDANT are unlawful.

## THE CLASS

7       42.    PLAINTIFFS bring the First, Second, Third and Fourth Causes of Action as a

8   Class Action pursuant to California Code of Civil Procedure, Section 382, on behalf of a

9   Class defined as all individuals who are or previously were employed by Defendant

10  Guaranteed Rate, Inc. as a Loan Officer as hereinabove defined in California (the "CLASS")

11  during the period beginning on the date four (4) years before the filing of this Action and

12  ending on the date as determined by the Court (the "CLASS PERIOD"):

13      43.    To the extent equitable tolling operates to toll claims by the CLASS against

14  DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

15      44.    DEFENDANT, as a matter of corporate policy, practice and procedure,

16  and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

17  Wage Order Requirements, and the applicable provisions of California law, intentionally,

18  knowingly and wilfully engaged in a practice whereby DEFENDANT unlawfully, unfairly

19  and deceptively instituted a practice to ensure that the employees employed in a Loan

20  Officer position were not properly classified as non-exempt from the requirements of

21  California Labor Code §§ 510, et seq. and the FLSA:

22      45.    DEFENDANT has the burden of proof that each and every employee is

23  properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et seq.

24  and the FLSA.  DEFENDANT, however, as a matter of uniform and systematic policy,

25  practice and procedure, had in place during the CLASS PERIOD and still has in place a

26  policy, practice and procedure that misclassifies the CLASS members as exempt.

27  DEFENDANT's uniform policy, practice and procedure in place at all times during the

28  CLASS PERIOD and currently in place is to systematically classify each and every CLASS

1  member as exempt. This common business practice applicable to each and every CLASS

2  member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under

3  California Business & Professions Code §§ 17200 *et seq.* (the "UCL") as causation,

4  damages and reliance are not elements of this claim.

5      46.   At no time before or during the PLAINTIFFS' employment with

6  DEFENDANT was any CLASS member reclassified as non-exempt from the applicable

7  requirements of applicable overtime laws after each CLASS member was initially, uniformly

8  and systematically classified as exempt upon being hired.

9      47.   Any individual declarations of any employees offered at this time purporting

10 to indicate that one or more CLASS member may have been properly classified is of no

11 force or affect absent contemporaneous evidence that DEFENDANT's uniform system did

12 not misclassify the PLAINTIFFS and the other CLASS members as exempt from overtime.

13 Absent proof of such a contemporaneous system, DEFENDANT's business practice is

14 uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a

15 class-wide basis. As a result of the UCL violations, the PLAINTIFFS and the other CLASS

16 members are entitled to compel DEFENDANT to provide restitutionary disgorgement of

17 their ill-gotten gains into a fluid fund in order to restitute these funds to the PLAINTIFFS

18 and the other CLASS members according to proof.

19     48.   DEFENDANT has intentionally and deliberately created a multi-tiered

20 management structure with numerous levels. PLAINTIFFS and the other CLASS members

21 are at the bottom of the pyramid, acting as low-level functionaries whose primary job duty is

22 the day-to-day production activities for mortgage loan products in accordance with

23 DEFENDANT's strict, uniform policies, practices, procedures and operations. The job

24 levels and job titles such as "Mortgage Loan Officer," "Loan Officer," "VP of Mortgage

25 Lending" and "Senior Mortgage Consultant" (collectively the "Loan Officers") were

26 distributed in order to create the superficial appearance of a number of unique jobs, when in

27 fact, these jobs are substantially similar and can be easily grouped together with other jobs

28 for the purpose of determining whether they were all misclassified. One of DEFENDANT's

purposes in creating and maintaining this multi-level job classification scheme is to create an artificial barrier to discovery and class certification for all employees similarly misclassified as exempt. DEFENDANT has uniformly misclassified these CLASS members as exempt and denied them overtime wages and other benefits to which non-exempt employees are entitled, in order to unfairly cheat the competition and unlawfully profit.

49.     The CLASS is so numerous that joinder of all CLASS members is impracticable.

50.     During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFFS and the other CLASS members under California law, without limitation, in the following manners:

(a)     Violating the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified the PLAINTIFFS and the other CLASS members as exempt;

(b)     Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly and/or deceptively failing to have in place a company policy, practice and procedure that accurately determined the amount of working time spent by the PLAINTIFFS and the other CLASS members performing non-exempt labor;

(c)     Committing an act of unfair competition in violation of the UCL, by having in place a company policy, practice and procedure that failed to reclassify as non-exempt those members of the CLASS whose actual job duties are primarily comprised of non-exempt job functions;

(d)     Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§ 510, *et seq.* by failing to pay the correct overtime pay to the PLAINTIFFS and the other CLASS members who were improperly classified as exempt, and retaining the unpaid

1   overtime to the benefit of DEFENDANT;

2   (e)   Committing an act of unfair competition in violation of the UCL, by

3         failing to pay the PLAINTIFFS and the other CLASS members

4         minimum wages for all hours worked;

5   (f)   Committing an act of unfair competition in violation of the UCL, by

6         failing to pay the PLAINTIFFS and the other CLASS members

7         compensation for all earned wages;

8   (g)   Committing an act of unfair competition in violation of the UCL, by

9         unlawfully deducting earned wages from the PLAINTIFFS and the

10        other CLASS members;

11  (h)   Committing an act of unfair competition in violation of the UCL, by

12        failing to pay the PLAINTIFFS and the other CLASS members all

13        accrued and unused vacation pay hours upon their termination date;

14  (i)   Committing an act of unfair competition in violation of the UCL, by

15        failing to provide all legally required meal and/or rest breaks to the

16        PLAINTIFFS and the other CLASS members;

17  (j)   Committing an act of unfair competition in violation of the UCL, by

18        violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFFS

19        and the other CLASS members with an accurate itemized statement in

20        writing showing the gross wages earned, the net wages earned, all

21        applicable hourly rates in effect during the pay period and the

22        corresponding number of hours worked at each hourly rate by the

23        employee;

24  (k)   Committing an act of unfair competition in violation of the UCL, by

25        violating Cal. Lab. Code § 2802 by failing to reimburse the

26        PLAINTIFFS and the other CLASS members with required expenses

27        incurred in the discharge of their duties for DEFENDANT;

28  (l)   Committing an act of unfair competition in violation of the UCL, by

1    violating Cal. Lab. Code §§ 201, 202, 203, & 204, by failing to tender
2    timely and full payment and/or restitution of all wages owed to the
3    employees whose employment with DEFENDANT has terminated on
4    sales for which payment was received by DEFENDANT; and,

5    (m)    Committing an act of unfair competition in violation of the UCL, by
6    violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*
7    *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF
8    and the other CLASS members who were improperly classified as
9    exempt as legally required by the FLSA, and retaining the unpaid
10   overtime to the benefit of DEFENDANT.

11   51.    Common questions of law and fact exist as to the CLASS
12   members, including but not limited to, the following:

13   (a)    Whether DEFENDANT's policies, practices and pattern of conduct
14   described in this Complaint was and is unlawful;

15   (b)    Whether DEFENDANT unlawfully failed to pay overtime
16   compensation to the CLASS members in violation of the California
17   Labor Code, California regulations and the applicable California Wage
18   Order;

19   (c)    Whether the CLASS members are non-exempt employees entitled to
20   overtime compensation for overtime hours worked under the overtime
21   pay requirements of California law;

22   (d)    Whether DEFENDANT's policy, practice and procedure of classifying
23   the CLASS members as exempt from overtime compensation and
24   failing to pay the CLASS members overtime violates applicable
25   provisions of California law;

26   (e)    Whether DEFENDANT failed to compensate the CLASS members for
27   all earned wages;

28   (f)    Whether DEFENDANT failed to pay minimum wages to the CLASS

1    members for all hours worked;

2    (g)    Whether DEFENDANT failed to pay commission compensation to the

3           CLASS members in violation of the California Labor Code and

4           applicable regulations and California Wage Order 4-2001;

5    (h)    Whether DEFENDANT unlawfully deducted earned wages from the

6           CLASS members' wages in violation of the California Labor Code and

7           applicable regulations and California Wage Order 4-2001;

8    (i)    Whether DEFENDANT unlawfully failed to pay the CLASS members

9           all accrued and unused vacation hours upon their termination date;

10   (j)    Whether DEFENDANT unlawfully failed to keep and furnish CLASS

11          members with accurate records of overtime hours worked;

12   (k)    Whether DEFENDANT unlawfully failed to reimburse the CLASS

13          members for required expenses incurred in the discharge of their job

14          duties for DEFENDANT;

15   (l)    Whether DEFENDANT's policy and practice of failing to pay the

16          CLASS members all wages when due within the time required by law

17          after their employment terminated violates California law;

18   (m)    Whether DEFENDANT has engaged in unfair competition by the

19          above-listed conduct; and,

20   (n)    Whether DEFENDANT's conduct was willful.

21   52.    This Class Action meets the statutory prerequisites for the maintenance of a

22   Class Action as set forth in California Code of Civil Procedure, Section 382, in that:

23   (a)    The persons who comprise the CLASS are so numerous that the joinder

24          of all such persons is impracticable and the disposition of their claims

25          as a class will benefit the parties and the Court;

26   (b)    Nearly all factual, legal, statutory and declaratory relief issues that are

27          raised in this Complaint are common to the CLASS and will apply

28          uniformly to every member of the CLASS;

(c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CLASS. PLAINTIFFS, like all the other CLASS members, were initially classified as exempt upon hiring based on the defined corporate policies, practices and procedures and labored under DEFENDANT's systematic policy, practice and procedure that failed to properly classify the PLAINTIFFS and the other CLASS members. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the other CLASS members were and are similarly or identically harmed by the same unlawful, unfair, deceptive and pervasive pattern of misconduct engaged in by DEFENDANT by deceptively advising all the CLASS members that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CLASS, and have retained counsel who is competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the other CLASS members that would make class certification inappropriate. Counsel for the CLASS will vigorously assert the claims of all employees in the CLASS.

53.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, in that:

(a)   Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CLASS will create the

risk of:

    i)    Inconsistent or varying adjudications with respect to individual members of the CLASS which would establish incompatible standards of conduct for the parties opposing the CLASS; and/or,

    ii)    Adjudication with respect to individual members of the CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

  (b)  The parties opposing the CLASS have acted or refused to act on grounds generally applicable to the CLASS, making appropriate class-wide relief with respect to the CLASS as a whole in that DEFENDANT uniformly classified and treated the CLASS members as exempt and, thereafter, uniformly failed to take proper steps to determine whether the CLASS members were properly classified as exempt, and thereby denied these employees overtime wages as required by law.

    i)    With respect to the First Cause of Action, the final relief on behalf of the CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFFS seek declaratory relief holding that DEFENDANT's policy, practice and procedure constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition.

  (c)  Common questions of law and fact exist as to the members of the CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy,

including consideration of:

    i)    The interests of the CLASS members in individually controlling the prosecution or defense of separate actions;

    ii)    The extent and nature of any litigation concerning the controversy already commenced by or against the CLASS members;

    iii)    In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, a Class Action is the only means to assert their claims through a representative;

    iv)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

    v)    The difficulties likely to be encountered in the management of a Class Action; and,

    vi)    The basis of DEFENDANT's policies, practices and procedures uniformly applied to all CLASS members.

54.    This Court should permit this Action to be maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, because:

    (a)    The questions of law and fact common to the CLASS predominate over any question affecting only individual members because DEFENDANT's employment practices were uniformly and systematically applied with respect to the CLASS;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS because in the context of employment litigation a substantial number of

individual class members will avoid asserting their rights individually
out of fear of retaliation or adverse impact on their employment;

(c)   The CLASS members are so numerous that it is impractical to bring all
the CLASS members before the Court;

(d)   PLAINTIFFS and the other CLASS members will not be able to obtain
effective and economic legal redress unless the action is maintained as
a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and
equitable relief for the acts of unfair competition, statutory violations
and other improprieties, and in obtaining adequate compensation for the
injuries which DEFENDANT's actions have inflicted upon the CLASS;

(f)   There is a community of interest in ensuring that the combined assets of
DEFENDANT are sufficient to adequately compensate the members of
the CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally
applicable to the CLASS, thereby making final class-wide relief
appropriate with respect to the CLASS as a whole;

(h)   The CLASS members are readily ascertainable from the business
records of DEFENDANT. The CLASS consists of all DEFENDANT's
Loan Officers employed in California during the CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to
bring an efficient and a rapid conclusion to all litigation of all wage and
hour related claims arising out of the conduct of DEFENDANT as to
the members of the CLASS.

55.   DEFENDANT maintains records from which the Court can ascertain and
identify by name and job title, each of DEFENDANT's employees who have been
systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies,
practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the

complaint to include any additional job titles of similarly situated employees when they have been identified.

### FIRST CAUSE OF ACTION

#### For Unlawful, Unfair and Deceptive Business Practices

#### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

#### (By PLAINTIFFS and the CLASS and against All Defendants)

56.     PLAINTIFFS and the other CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 55 of this Complaint.

57.     DEFENDANT is a "persons" as that term is defined under Cal. Bus. & Prof. Code § 17021.

58.     Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

59.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations, the Minimum Wage Order (MW-2007), the California Labor Code including Sections 201, 202, 203, 204, 221, 226.7, 227.3, 510, 1194, 1197, 1198 & 1199, the Code of Federal Regulations and the Fair Labor Standards Act ("FLSA"), for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and

1   remedy the conduct held to constitute unfair competition, including restitution of wages
2   wrongfully withheld.

3       60.    By the conduct alleged herein, DEFENDANT's practices were unfair in that
4   these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or
5   substantially injurious to employees, and are without valid justification or utility for which
6   this Court should issue equitable and injunctive relief pursuant to Section 17203 of the
7   California Business & Professions Code, including restitution of wages wrongfully
8   withheld.

9       61.    By the conduct alleged herein, DEFENDANT's practices were deceptive and
10  fraudulent in that DEFENDANT's uniform misclassification practice was to represent to the
11  CLASS members that they were not entitled to overtime compensation and other benefits as
12  required by California law, when in fact these representations were false and likely to
13  deceive for which this Court should issue equitable and injunctive relief pursuant to Section
14  17203 of the California Business & Professions Code, including restitution of wages
15  wrongfully withheld.

16      62.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
17  unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFFS
18  and the other CLASS members to be underpaid during their employment with
19  DEFENDANT.

20      63.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
21  unfair and deceptive in that DEFENDANT's uniform policies and practices failed to timely
22  pay all accrued and unused vacation hours to Plaintiff Venetia North and the other CLASS
23  members upon their termination date as required by California law. Plaintiff Venetia North
24  therefore seeks all accrued and unpaid vacation pay due her and the former employees in the
25  CLASS.

26      64.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
27  unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures
28  failed to provide mandatory meal and/or rest breaks to the PLAINTIFFS and the other

1   CLASS members.

2       65.    Therefore, the PLAINTIFFS demand on behalf of themselves and on behalf of
3   each CLASS member, minimum wages, overtime wages, business expenses, and one (1)
4   hour of pay for each workday in which an off-duty meal period was not timely provided for
5   each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second
6   off-duty meal period was not timely provided for each ten (10) hours of work.

7       66.    PLAINTIFFS further demand on behalf of themselves and on behalf of each
8   CLASS member, one (1) hour of pay for each workday in which a rest period was not timely
9   provided as required by law.

10      67.    By and through the unlawful, unfair and deceptive business practices
11  described herein above, DEFENDANT has obtained valuable property, money and services
12  from the PLAINTIFFS and the other CLASS members and has deprived them of valuable
13  rights and benefits guaranteed by law, all to their detriment and to the benefit of
14  DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who
15  comply with the law.

16      68.    All the acts described herein as violations of, among other things, the
17  Industrial Welfare Commission Wage Orders, the California Labor Code, the California
18  Code of Regulations, the Code of Federal Regulations, and the Fair Labor Standards Act, are
19  unlawful, are in violation of public policy, are immoral, unethical, oppressive, unscrupulous,
20  and are likely to deceive employees, as herein alleged, and thereby constitute unlawful,
21  unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et*
22  *seq.*

23      69.    PLAINTIFFS and the other CLASS members are further
24  entitled to, and do, seek such relief as may be necessary to restore to them the property and
25  money which DEFENDANT has acquired, or of which the PLAINTIFFS and the CLASS
26  members have been deprived, by means of the described unlawful, unfair and deceptive
27  business practices.

28      70.    PLAINTIFFS and the other CLASS members are further entitled to, and do,

1  seek a declaration that the described business practices are unlawful, unfair and deceptive

2  and that injunctive relief should be issued restraining DEFENDANT from engaging in any

3  unlawful and unfair business practices in the future.

4      71.    PLAINTIFFS and the other CLASS members have no plain, speedy and/or

5  adequate remedy at law that will end the unlawful and unfair business practices of

6  DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

7  As a result of the unfair and unlawful business practices described herein, the PLAINTIFFS

8  and the CLASS members have suffered and will continue to suffer irreparable legal and

9  economic harm unless DEFENDANT is restrained from continuing to engage in these

10  unlawful and unfair business practices.

11

12  **SECOND CAUSE OF ACTION**

13  **For Failure To Pay Minimum Wages & Overtime Wages**

14  **[Cal. Lab. Code §§ 510, 1194, 1197 & 1198]**

15  **(By PLAINTIFFS and the CLASS and Against All Defendants)**

16      72.    PLAINTIFFS and the other CLASS members reallege and

17  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 71 of

18  this Complaint.

19      73.    Cal. Lab. Code § 510 states in relevant part:

20          Eight hours of labor constitutes a day's work. Any work in excess of eight

21  hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-

22  half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the

23  regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no

24  less than twice the regular rate of pay of an employee.

25      74.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation

26  of labor is entitled to one day's rest therefrom in seven."

27      75.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

28  employees to work more than six days in seven."

76.     Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

77.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit

78.     Cal. Lab. Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wages than the minimum so fixed is unlawful."

79.     Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

80.     DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFFS and the other CLASS members who worked on the production side of DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the California Labor Code and Industrial Welfare Commission requirements.

81.     For an employee to be exempt as a bona fide "commissioned salesperson," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be making sales as defined to include any sale, exchange, contract to sell, consignment sale, shipment for sale, or other disposition; or

(b)     The employee must obtain orders or contracts for services or for the use of

1          facilities for which a consideration will be paid by the client or customer; and,

2    (c)   The employee's earnings must be exceed one and one-half times the minimum

3          wage; and,

4    (d)   The employee must earn more than half of their compensation from bona fide

5          sales commissions; and,

6    (e)   The employee must be primarily engaged in duties which meet the test of

7          exemption.

8    No member of the CLASS was or is an inside salesperson or commissioned salesperson

9    because they all fail to meet the requirements of being a "commissioned salesperson" within

10   the meaning of the applicable Wage Order.

11   82.   For an employee to be exempt as a bona fide "outside salesperson," all the

12   following criteria must be met and DEFENDANT has the burden of proving that:

13   (a)   The employee's primary duty must be making sales as defined to include any

14         sale, exchange, contract to sell, consignment sale, shipment for sale, or other

15         disposition; or

16   (b)   The employee must obtain orders or contracts for services or for the use of

17         facilities for which a consideration will be paid by the client or customer; and,

18   (c)   The employee must customarily and regularly spend more than half the work

19         time away from the employer's place of business engaged in sales-related

20         activity; and,

21   (d)   The employee must be primarily engaged in duties which meet the test of

22         exemption.

23   No member of the CLASS was or is an outside salesperson because they all fail to meet the

24   requirements of being an "outside salesperson" within the meaning of the applicable Wage

25   Order.

26   83.   For an employee to be exempt as a bona fide "executive," all the following

27   criteria must be met and DEFENDANT has the burden of proving that:

28   (a)   The employee's primary duty must be management of the enterprise, or of a

1       customarily recognized department or subdivision; and,

2       (b)     The employee must customarily and regularly direct the work of at least two

3               (2) or more other employees; and,

4       (c)     The employee must have the authority to hire and fire, or to command

5               particularly serious attention to his or his recommendations on such actions

6               affecting other employees; and,

7       (d)     The employee must customarily and regularly exercise discretion and

8               independent judgment; and,

9       (e)     The employee must be primarily engaged in duties which meet the test of

10              exemption.

11  No member of the CLASS was or is an executive because they all fail to meet the

12  requirements of being an "executive" within the meaning of the applicable Wage Order.

13      84.     For an employee to be exempt as a bona fide "administrator," all of the

14  following criteria must be met and DEFENDANT has the burden of proving that:

15      (a)     The employee must perform office or non-manual work directly related to

16              management policies or general business operation of the employer; and,

17      (b)     The employee must customarily and regularly exercise discretion and

18              independent judgment; and,

19      (c)     The employee must regularly and directly assist a proprietor or an exempt

20              administrator; or,

21      (d)     The employee must perform, under only general supervision, work requiring

22              special training, experience, or knowledge, or,

23      (e)     The employee must execute special assignments and tasks under only general

24              supervision; and,

25      (f)     The employee must be primarily engaged in duties which meet the test of

26              exemption.

27  No member of the CLASS was or is an administrator because they all fail to meet the

28  requirements for being an "administrator" within the meaning of the applicable Wage Order.

85.   The Industrial Welfare Commission, in Wage Order 4-2001, at Section (1)(A)(3)(h) and Labor Code Section 515, also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

    i)   Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

    ii)   Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

    iii)   Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)   The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)   The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

1  No member of the CLASS was or is a professional because they all fail to meet the

2  requirements of being a "professional" within the meaning of the applicable Wage Order.

3      86.    PLAINTIFFS and the other CLASS members do not fit within

4  the definition of an exempt executive, administrative, or professional employee because:

5      (a)    They did not work as executives or administrators; and,

6      (b)    The professional exemption does not apply to the PLAINTIFFS nor to the

7              CLASS members because they did not meet all the applicable requirements to

8              work under the professional exemption for the reasons set forth above in this

9              Complaint.

10     87.    The Industrial Welfare Commission, in Wage Order 4-2001, at Section (3)(D),

11  provides a partial exemption for "commissioned" employees.  This partial exemption only

12  applies to overtime, and does not apply to the other benefits guaranteed by California law.

13  For an employee to be exempt as a bona fide "commissioned" employee, the following

14  criteria must be met and DEFENDANT has the burden of proving that for each workweek,

15  the employee's "earnings exceed one and one-half (1 ½) times the minimum wage" and that

16  "more than half of that employee's compensation represents commissions."  Because the

17  CLASS members do not earn bona fide sales commission, the PLAINTIFFS and the other

18. CLASS members do not fit within the definition of an exempt "commissioned salesperson."

19     88.    The Industrial Welfare Commission, in Wage Order 4-2001, at Section (2)(M),

20  also sets forth the requirements which must be complied with to place an employee in the

21  "outside salesperson" exempt category.  For an employee to be exempt as a bona fide

22  "outside salesperson," all the following criteria must be met and DEFENDANT has the

23  burden of proving that the employee "customarily and regularly works more than half their

24  working time away from the employer's place of business selling tangible or intangible

25  items or obtaining orders or contracts for products, services or use of facilities."  Because

26  the CLASS members perform their work at their home offices, which DEFENDANT

27  requires them to maintain, or at DEFENDANT's retail offices, primarily by and through

28  telephone, internet and direct mail initiated sales communications, as well as loan officer

1   and customer referrals, the PLAINTIFFS and the other CLASS members do not fit within

2   the definition of an exempt "outside salesperson." 29 C.F.R. § 541.502 provides in relevant

3   part:

> An outside sales employee must be customarily and regularly engaged "away
> from the employer's place or places of business." The outside sales employee
> is an employee who makes sales at the customer's place of business or, if
> selling door-to-door, at the customer's home. Outside sales does not include
> sales made by mail, telephone or the Internet unless such contact is used
> merely as an adjunct to personal calls. Thus, any fixed site, whether home or
> office, used by a salesperson as a headquarters or for telephonic solicitation of
> sales is considered one of the employer's places of business, even though the
> employer is not in any formal sense the owner or tenant of the property.

9      89.    During the CLASS PERIOD, the PLAINTIFFS and the other CLASS

10  members worked more than eight (8) hours in a workday, forty (40) hours in a workweek,

11  and/or worked hours on the seventh (7th) consecutive day of a workweek.

12      90.    At all relevant times, DEFENDANT failed to pay the PLAINTIFFS and the

13  other CLASS members overtime compensation for the hours they worked in excess of the

14  maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even

15  though the PLAINTIFFS and the other CLASS members were regularly required to work,

16  and did in fact work, uncompensated hours, hours compensated at less than minimum wage,

17  and overtime hours that DEFENDANT never recorded as evidenced by DEFENDANT's

18  business records and witnessed by employees.

19      91.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

20  to the PLAINTIFFS and the other CLASS members for their overtime hours, the

21  PLAINTIFFS and the other CLASS members have suffered and will continue to suffer an

22  economic injury in amounts which are presently unknown to them and which will be

23  ascertained according to proof at trial.

24      92.    DEFENDANT knew or should have known that the PLAINTIFFS and the

25  other CLASS members were misclassified as exempt and DEFENDANT systematically

26  elected, either through intentional malfeasance or gross nonfeasance, not to pay them for

27  their overtime labor as a matter of uniform, corporate policy, practice and procedure.

28      93.    Therefore, the PLAINTIFFS and the other CLASS members

1   request recovery of overtime compensation according to proof, interest, costs, as well as the

2   assessment of any statutory penalties against DEFENDANT, in a sum as provided by the

3   California Labor Code and/or other statutes.  To the extent overtime compensation is

4   determined to be owed to the CLASS members who have terminated their employment,

5   these employees would also be entitled to waiting time penalties under Cal. Lab. Code §

6   203, which penalties are sought herein.  Further, the PLAINTIFFS and the other CLASS

7   members are entitled to seek and recover statutory costs.

8        94.     In performing the acts and practices herein alleged in violation of labor laws

9   and refusing to provide the requisite overtime compensation, DEFENDANT acted and

10  continues to act intentionally, oppressively, and maliciously toward the PLAINTIFFS, and

11  toward the other CLASS members, with a conscious and utter disregard of their legal rights,

12  or the consequences to them, and with the despicable intent of depriving them of their

13  property and legal rights and otherwise causing them injury in order to increase corporate

14  profits at the expense of the CLASS.

15

16                              **THIRD CAUSE OF ACTION**

17              **For Failure to Provide Accurate Itemized Wage Statements**

18                              **[Cal. Lab. Code § 226]**

19            **(By PLAINTIFFS and the CLASS and Against All Defendants)**

20       95.     PLAINTIFFS and the other CLASS members reallege and

21  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 94 of

22  this Complaint.

23       96.     Cal. Lab. Code § 226 provides that an employer must furnish employees

24  with an  "accurate itemized" statement in writing showing:

25            (1) gross wages earned,
              (2) total hours worked by the employee, except for any employee whose
26            compensation is solely based on a salary and who is exempt from payment of
              overtime under subdivision (a) of Section 515 or any applicable order of the
27            Industrial Welfare Commission,
              (3) the number of piecerate units earned and any applicable piece rate if the employee
28            is paid on a piece-rate basis,
              (4) all deductions, provided that all deductions made on written orders of the

employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

97.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFFS and the other CLASS members at the effective regular rates of pay and the effective overtime rates of pay.

98.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the PLAINTIFFS and the other CLASS members. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the PLAINTIFFS and the other CLASS members may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the PLAINTIFFS and each respective CLASS member herein).

## FOURTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFFS and the CLASS and Against All Defendants)

99.    PLAINTIFFS and the other CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 98 of this Complaint.

100.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

101. At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFFS and the other CLASS members for required expenses incurred in the discharge of their duties for DEFENDANT. These expenses include, but are not limited to, home office expenses, including a printer, fax machine, internet, phone, and other office related products; loan processing rush fees, marketing charges, loan appraisal overages, and other chargebacks; and allowables under DEFENDANT's "All Inclusive Plan." DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation and any waiver is void under Labor Code §2804. DEFENDANT failed to indemnify and reimburse the CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

102. PLAINTIFFS and the other CLASS members were forced by the expectation of DEFENDANT and DEFENDANT's unwritten policy to contribute to DEFENDANT's business expenses, which expenses must be refunded by DEFENDANT to each CLASS member.

103. Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post judgment rate of ten percent (10%) simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

104. PLAINTIFFS therefore demand reimbursement for expenditures or losses incurred by them and the other CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Labor Code § 2802.

### FIFTH CAUSE OF ACTION

#### For Failure to Pay Overtime Compensation

[Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*]

**(By PLAINTIFF and the COLLECTIVE CLASS and Against All Defendants)**

105.   PLAINTIFFS and the other COLLECTIVE CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 104 of this Complaint.

106.   DEFENDANT is engaged in communication, business, and transmission between the states and is therefore engaged in commerce within the meaning of 29 U.S.C. § 203(b).

107.   PLAINTIFFS further bring the Fifth Cause of Action on behalf of a Collective Class in accordance with 29 U.S.C. § 216 which consists of DEFENDANT's Loan Officers employed in California by DEFENDANT during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court, and who performed work in excess of forty (40) hours in a workweek (the "COLLECTIVE CLASS").

108.   29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

109.   29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

110.   Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

111.    DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFFS and the other COLLECTIVE CLASS members who worked on the production side of DEFENDANT's business enterprise. This was done in an illegal attempt to avoid the payment of overtime wages and other benefits in violation of the Fair Labor Standards Act and Code of Federal Regulations requirements.

112.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the PLAINTIFF and the other COLLECTIVE CLASS members are entitled to overtime compensation for all overtime hours actually worked at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek. DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

113.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

114.    The exemptions of the FLSA as listed in Section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFFS and the other COLLECTIVE CLASS members because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. COLLECTIVE CLASS members either do not hold an advanced degree, have not taken any prolonged course of specialization, and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

115.    For an employee to be exempt as a bona fide "commissioned salesperson," all

1    the following criteria must be met and DEFENDANT has the burden of proving that:

2        (a)    The employee's primary duty must be making sales as defined to include any

3                sale, exchange, contract to sell, consignment sale, shipment for sale, or other

4                disposition; or

5        (b)    The employee must obtain orders or contracts for services or for the use of

6                facilities for which a consideration will be paid by the client or customer; and,

7        (c)    The employee's earnings must be exceed one and one-half times the minimum

8                wage; and,

9        (d)    The employee must earn more than half of their compensation from bona fide

10               sales commissions; and,

11       (e)    The employee must be primarily engaged in duties which meet the test of

12               exemption; and,

13       (f)    The employee must be employed by a "retail or service establishment" within

14               the meaning of 29 U.S.C. §207(i).

15   No member of the COLLECTIVE CLASS was or is an inside salesperson or commissioned

16   salesperson because they all fail to meet the requirements of being a "commissioned

17   salesperson" within the meaning of the FLSA.  Finance and loan companies, such as

18   Defendant, are expressly excluded from the definition of "retail and service" establishment

19   by 29 C.F.R. § 779.317.

20       116.   For an employee to be exempt as a bona fide "outside salesperson," all the

21   following criteria must be met and DEFENDANT has the burden of proving that:

22       (a)    The employee's primary duty must be making sales as defined to include any

23               sale, exchange, contract to sell, consignment sale, shipment for sale, or other

24               disposition; or

25       (b)    The employee must obtain orders or contracts for services or for the use of

26               facilities for which a consideration will be paid by the client or customer; and,

27       (c)    The employee must customarily and regularly spend more than half the work

28               time away from the employer's place of business engaged in sales-related

1      activity; and,

2      (d)    The employee must be primarily engaged in duties which meet the test of

3              exemption.

4   No member of the COLLECTIVE CLASS was or is an outside salesperson because they all

5   fail to meet the requirements of being an "outside salesperson" under Section 13 of the

6   FLSA and 29 C.F.R. 541.500, *et seq.*

7     117.   For an employee to be exempt as a bona fide "executive," all the following

8   criteria must be met and DEFENDANT has the burden of proving that:

9      (a)    The employee must be compensated on a salary basis;

10     (b)    The employee's primary duty must be management of the enterprise, or of a

11            customarily recognized department or subdivision;

12     (c)    The employee must customarily and regularly direct the work of at least two

13            (2) or more other employees;

14     (d)    The employee must have the authority to hire and fire, or to command

15            particularly serious attention to his or his recommendations on such actions

16            affecting other employees; and,

17     (e)    The employee must be primarily engaged in duties which meet the test of

18            exemption.

19   No member of the COLLECTIVE CLASS was or is an executive because they all fail to

20   meet the requirements of being an "executive " under Section 13 of the FLSA and 29 C.F.R.

21   541.100. The members of the COLLECTIVE CLASS are not compensated on a salary

22   basis.

23     118.   For an employee to be exempt as a bona fide "administrator,"all of the

24   following criteria must be met and DEFENDANT has the burden of proving that:

25     (a)    The employee must be compensated on a salary basis;

26     (b)    The employee must perform office or non-manual work directly related to

27            management or general business operation of the employer or the employer's

28            customers;

(c)   The employee must customarily and regularly exercise discretion and independent

judgment with respect to matters of significance; and,

(d)   The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(e)   The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(f)   The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under Section 13 of the FLSA and 29 C.F.R. 541.300. The members of the COLLECTIVE CLASS are not compensated on a salary basis.

119.   For an employee to be exempt as a bona fide "professional", DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

(a)   The employee must be compensated on a salary basis; and,

(b)   Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(c)   Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" under Section 13 of the FLSA and 29 C.F.R. 541.300. The members of the COLLECTIVE CLASS are not compensated on a salary basis.

120.   During the COLLECTIVE CLASS PERIOD, the PLAINTIFFS and the other COLLECTIVE CLASS members worked more than forty (40) hours in a workweek.

121.   At all relevant times, DEFENDANT failed to pay the PLAINTIFFS and the other COLLECTIVE CLASS members overtime compensation for the hours they worked in excess of the maximum hours permissible by law as required by Section 207 of the FLSA, even though the PLAINTIFFS and the other COLLECTIVE CLASS members were regularly required to work, and did in fact work, overtime hours.

122.   For purposes of the FLSA, the employment practices of DEFENDANT were and are uniform throughout California in all respects material to the claims asserted in this Complaint.

123.   There are no other exemptions applicable to the PLAINTIFFS and/or to the other COLLECTIVE CLASS members.

124.   As a result of DEFENDANT's failure to pay overtime compensation for overtime hours worked, as required by the FLSA, the PLAINTIFFS and the other COLLECTIVE CLASS members were damaged in an amount to be proven at trial.

125.   Therefore, the PLAINTIFFS demand that they and the other COLLECTIVE CLASS members be paid overtime compensation as required by the FLSA for every hour of overtime worked and the amount of their unpaid minimum wages, and an additional equal amount as liquidated damages, plus interest and statutory costs as provided by law.

### SIXTH CAUSE OF ACTION

### Labor Code Private Attorney General Act of 2004

### [Cal. Lab. Code § 2698 *et. seq.*]

### (By PLAINTIFFS and against All Defendants)

126.   PLAINTIFFS incorporate by reference the allegations set forth in paragraphs 1-125, supra, as though fully set forth at this point.

127.   PLAINTIFFS bring this representative action on behalf of themselves and on behalf of all individuals who are or previously were employed by DEFENDANT as "Mortgage Loan Officer," "Loan Officer," "VP of Mortgage Lending," "Senior Mortgage Consultant" and other similar job titles in California during the applicable statutory period as

1  determined by the Court (the "AGGRIEVED EMPLOYEES").

2      128.   On July 29, 2011, PLAINTIFFS gave written notice by certified mail to the

3  Labor and Workforce Development Agency (the "Agency") and the employer of the

4  specific provisions of this code alleged to have been violated as required by Labor Code §

5  2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference herein. The

6  statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has

7  expired. As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a civil

8  action pursuant to Section 2699.

9      129.   The policies, acts and practices heretofore described were and are an unlawful

10  business act or practice because Defendant's (a) failure to properly record and pay

11  PLAINTIFFS and the other AGGRIEVED EMPLOYEES for all of the hours they worked,

12  including overtime, (b) failure to provide accurate itemized wage statements, (c) failure to

13  timely pay wages to PLAINTIFFS and the other AGGRIEVED EMPLOYEES, (d) failure to

14  provide legally required meal and rest breaks to PLAINTIFFS and the other AGGRIEVED

15  EMPLOYEES, and (e) failure to reimburse PLAINTIFFS and the other AGGRIEVED

16  EMPLOYEES for reasonable business expenses, violates the applicable Labor Code

17  sections listed in Labor Code §2699.5 as set forth hereinabove and thereby gives rise to

18  statutory penalties as a result of such conduct. PLAINTIFFS, as AGGRIEVED

19  EMPLOYEES, hereby seek recovery of civil penalties as prescribed by the Labor Code

20  Private Attorney General Act of 2004 on behalf of themselves and other AGGRIEVED

21  EMPLOYEES, against whom one or more of the violations of the Labor Code was

22  committed.

23

24  ### PRAYER

25      WHEREFOR, the PLAINTIFFS pray for judgment against each Defendant, jointly

26  and severally, as follows:

27  1.   On behalf of the CLASS:

28      A)   That the Court certify the First, Second, Third and Fourth Causes of Action

1        asserted by the CLASS as a Class Action pursuant to California Code of Civil

2        Procedure, Section 382;

3    B)   An order requiring DEFENDANT to correctly calculate and pay all wages and

4        all sums unlawfuly withheld from compensation due PLAINTIFFS and the

5        CLASS;

6    C)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

7        fund for restitution of the sums incidental to DEFENDANT's violations due

8        PLAINTIFFS and the CLASS according to proof;

9    D)   Compensatory damages, according to proof at trial, including compensatory

10      damages for overtime compensation due PLAINTIFFS and the CLASS

11      members, during the applicable CLASS PERIOD, plus interest thereon at the

12      statutory rate;

13    E)   The wages of all terminated employees in the CLASS as a penalty from the

14      due date thereof at the same rate until paid or until an action therefore is

15      commenced, in accordance with Cal. Lab. Code § 203; and,

16    F)   The greater of all actual damages or fifty dollars ($50.00) for the initial pay

17      period in which a violation occurs and one hundred dollars ($100.00) per each

18      member of the CLASS for each violation in a subsequent pay period, not

19      exceeding an aggregate penalty of four thousand dollars ($4,000.00), and an

20      award of costs for violation of Cal. Lab. Code § 226.

21  2.   On behalf of the COLLECTIVE CLASS:

22    A)   That the Court certify the Fifth Cause of Action asserted by the

23      COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

24    B)   Issue a declaratory finding that DEFENDANT's acts, policies, practices and

25      procedures complained of herein violated provisions of the Fair Labor

26      Standards Act; and

27    C)   That the PLAINTIFFS and the other COLLECTIVE CLASS members recover

28      compensatory damages and an equal amount of liquidated damages as

1          provided under the law and in 29 U.S.C. § 216(b).

2     3.    On behalf of the AGGRIEVED EMPLOYEES:

3          A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorney

4                General Act of 2004.

5     4.    On all claims:

6          A)    An award of interest, including prejudgment interest at the legal rate;

7          B)    An award of penalties and cost of suit, as allowable under the law.  Neither

8                this prayer nor any other allegation or prayer in this Complaint is to be

9                construed as a request, under any circumstance, that would result in a request

10               for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

11         C)    Such other and further relief as the Court deems just and equitable.

12

Dated:   September 2, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK

13

14

15                                  By:_____
                                        Norman B. Blumenthal
16                                      Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2    PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4    Dated:   September 2, 2011            BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                         By:

7                                            Norman B. Blumenthal
                                             Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT #1**

FACSIMILE
(858) 551-1232

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
piya@bamlawlj.com

WRITERS EXT:
9

July 29, 2011
CA520

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Guaranteed Rate, Inc.
CSC - Lawyers Incorporating Service
2730 Gateway Oaks Dr. Suite 100
Sacramento, CA 95833

Re:   Notice Of Violations Of California Labor Code Sections §§ 201,
202, 203, 204, 204.1, 221, 226(a), 226.7, 227.3, 510, 551, 552, 1194,
1197, 1197.1, 1198, 1199, 2802, Applicable Industrial Welfare
Commission Wage Orders, And Pursuant To California Labor Code
Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Venetia North and Christal Dunn, (the
"Plaintiffs"), and other aggrieved employees in a class action against Guaranteed Rate,
Inc. ("Defendant"). Plaintiffs were both employed as a "Mortgage Loan Officer" and
"VP of Mortgage Lending" and were classified as exempt from receiving overtime,
however the job duties performed by Plaintiffs and other aggrieved employees do not
entitle Defendant to claim any exemption from overtime for them or any of these other
employees employed as Mortgage Loan Officers, Loan Officers, VPs of Mortgage
Lending, and Senior Mortgage Consultants. Plaintiffs and the other aggrieved employees
were paid a percentage of the yield spread premium paid to Defendant which was based
on a percentage of the profit obtained by Defendant from the sale of a loan. As a result,
Plaintiffs and these employees work substantial amounts of overtime for which they are
unlawfully not properly compensated. Also, Plaintiffs and other aggrieved employees
were not provided with all meal and rest periods due to them. Further, Plaintiffs and
other aggrieved employees were not reimbursed for required business expenses. As a
consequence of the aforementioned violations, the Plaintiffs further contend that
Defendant failed to provide accurate wage statements to them, and other aggrieved
employees, in violation of California Labor Code section 226(a). Said conduct, in
addition to the forgoing, violates Labor Code §§ 201, 202, 203, 204, 204.1, 221, 226(a),
226.7, 227.3, 510, 551, 552, 1194, 1197, 1197.1, 1198, 1199, 2802, and is therefore
actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiffs, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiffs to proceed with the complaint filed in the San Diego Superior Court, case number 37-2011-00094974-CU-OE-CTL against Defendant as authorized by California Labor Code section 2695, et seq. The pending class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class wide claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees and class members.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

/s/ Piya Mukherjee

Piya Mukherjee, Esq.

\\SERVER4\data\D\NBB\Guaranteed Rate-North\Correspondence\l-paga-01.wpd





UNITED STATES POSTAGE
02 1P
0004186405
MAILED FROM ZIP CODE 92037
$ 002.68
PITNEY BOWES
SEP 02 2011

FROM

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037

TO

GUARANTEED RATE, INC.
CSC-Lawyers Incorporating Service
2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833